## Richmond

ROBERT DAVID RUTH, ET AL., v. ROYSTON JESTER, JR., ADMINISTRATOR, ETC., ET AL.

March 11, 1957.

Record No. 4622.

Present, All the Justices.

The opinion states the case.

*Arthur B. Davies, III* (*Hickson & Davies*, on brief), for the appellants.

*Maurice Steingold* (*Royston Jester, Jr.; Samuel A. Steingold; Steingold & Steingold*, on brief), for the appellees.

WHITTLE, J., delivered the opinion of the court.

The holographic will of Thomas M. Hughes was probated before the clerk of the trial court on November 10, 1954, and Royston Jester, Jr. qualified as administrator c.t.a. Thereafter Virginia Hughes Ruth appealed the probate proceedings and upon a hearing the chancellor entered an order admitting the will to probate. Whereupon the administrator c.t.a. brought this suit to construe the will, making all parties in interest defendants thereto. Upon submission of the case, the chancellor entered the decree complained of holding the will "void and of no effect for vagueness and uncertainty in any and all particulars and respects" except as to certain specific bequests in the last paragraph, not here involved.

An agreed narrative account of the proceedings before the chancellor was as follows:

"No testimony was adduced before the Court; and there was no express stipulation or agreement either in writing or orally of the facts, but the following were represented by counsel to be facts, same were not controverted by opposing counsel, and the court understood it was to treat same as the facts in the case and so did.

"Thomas Matroni Hughes died in the City of Lynchburg, Virginia, on October 6, 1954, at the age of 64, seized and possessed of certain personal property and an undivided interest in certain real estate. He was survived by his only child, Virginia Hughes Ruth, who is the mother of Robert David Ruth, Thomas Martin Ruth, David Henry Ruth, Jr., Sarah Ellen Ruth and Cecilia Madeline Ruth, all of said children being infants; and by his sister, Anne C. Hughes, age 58, who is unmarried and childless, and who has assigned all her interest under said will to Virginia Hughes Ruth. All of the aforesaid survivors are parties defendant to this suit.

"The decedent left an undated will which was found under the marble top of a table in his home along with certain other valuable papers. Certain parts of the will had been interlined and stricken out by decedent. The will was probated in the Clerk's Office of the Lynchburg Corporation Court on November 10, 1954, at which time the complainant qualified as administrator c.t.a. of the decedent's estate.

"On February 24, 1955, the said Virginia Hughes Ruth appealed from the order entered by the Clerk of said Court probating said will. The Court, after hearing the matter, entered an order on July 1, 1955,

admitting the aforesaid will to probate and ordered it to be recorded as required by law. Said will appears as Exhibit A in this suit.

"The Court understood that all parties concurred with the Court's finding that the trust sought to be created for Anne C. Hughes was invalid, that the bequest and devise to 'charity' was invalid, and that the final paragraph of testator's will making certain specific bequests was a valid testamentary disposition."

■ The will, as presented for probate, was as follows:

"Being in my right mind and fully conscious of what I do, my will is as follows,

"I will Anne C. Hughes to receive all interest from a Trust consisting of all my money, Bonds and other valuables *for her life, after which* it passes on *to Virginia Hughes now Mrs. David H. Ruth and on her passing* to her children, after which such trust ends, *the money now provide for tomb stones in Spring Hill Cemetery, and money remaining* after this I desire to go to Charity.

"I further wish that Ming eventually get the clock in dining room and it is my desire and wish that H. M. Blankenship receives my Marlin 32-20 Repeater Rifle and my S & W revolver 32 Calbrie revolver with any other of my fire arms that he may desire to Thurman Wallace.

Large E
"T. M. Hughes        and small e".

The deletions in the will were made by lines in ink running through the words as indicated.

Thus the will as probated (leaving out the last paragraph which is not involved) read:

"Being in my right mind and fully conscious of what I do, my will is as follows,

"I will Anne C. Hughes to receive all interest from a Trust consisting of all my money, Bonds and other valuables . . . it passes on . . . to her children, after which such trust ends, . . . after this I desire go to Charity."

An examination of the original will discloses that the plain ink marks drawn through the words, as indicated above, were intended and were sufficient to strike the words from the will, and in the absence of proof to the contrary, it is presumed that the act of striking out the words was done by the testator's own hand for the purpose

[Words which have been italicized were crossed out in will.]

of deleting them from the will. *Wilkes* v. *Wilkes*, 115 Va. 886, 897, 80 S. E. 745.

[■] It will be noted that Anne C. Hughes, the sister of the testator who is mentioned in the will, is not appealing. As stated in the narrative account of the proceedings, she "has assigned all her interest under said will to Virginia Hughes Ruth."

Appellants, the children of Virginia Hughes Ruth, state in their brief that "there is no controversy with that part of the decree of court on appeal which declares the bequest to 'charity' void for indefiniteness, or the part which holds that the trust for the benefit of Anne C. Hughes fails for want of a definite term for the trust, the words 'for her life' having been stricken from the will by the testator". Appellants contend, however, that the will clearly expresses the desire of the testator to devise the remainder of his residuary estate to them. They insist that the court erred in not looking to and considering the deleted words as "extrinsic evidence" to show the true intent of the testator, and especially for the purpose of showing whose "children" are referred to, contending that "the words in the subject will 'to her children', as the will was written and before any words were stricken by pen, meant the children of Virginia Hughes Ruth".

As we view the matter, this is not a case involving the use of extrinsic evidence. The record shows that no evidence was introduced. What appellants would have us do is put back into the will words that the testator has stricken from it. This we cannot do. If the testator had desired to leave the will as originally written he would not have stricken any part of it. It was the court's duty to take the will as the testator left it, with the words stricken out.

The stricken words cannot be resorted to for evidentiary purposes nor considered for the purpose of showing the testator's intention. When the words were stricken, a new will (such as it was) was created, and the stricken words cannot be used to aid in its construction. *Pitman* v. *Rutledge*, 198 Va. 567, 571, 95 S. E. 2d 153, 155, 156; 57 Am. Jur., Wills, § 1040, p. 674.

We are of the opinion that the learned chancellor properly held that the will admitted to probate "is void and of no effect for vagueness and uncertainty in any and all particulars and respects" except as to the last paragraph thereof.

For the reasons stated the decree appealed from is.

*Affirmed.*