## Richmond

SHELTERING ARMS HOSPITAL v. FIRST AND MERCHANTS NATIONAL BANK OF RICHMOND, AS EXECUTOR AND TRUSTEE, ETC., ET AL.

December 2, 1957.

Record Nos. 4692, 4693.

Present, All the Justices.

The opinion states the case.

*William R. Cogar (John S. Davenport, III; Denny, Valentine & Davenport,* on brief), for the appellant.

*A. C. Epps (Charles W. Laughlin; Christian, Barton, Parker & Boyd,* on brief), for the appellee, Virginia Tuberculosis Association.

SPRATLEY, J., delivered the opinion of the court.

Charles A. Zincke died on December 19, 1955, in the City of Richmond, Virginia. His holographic will, dated July 19, 1944, was presented to the Clerk of the Chancery Court of the City of Richmond on December 29, 1955, for probate, by the First and Merchants National Bank of Richmond. The will contained a number of deletions, and some marginal notations. We are here concerned only with Item (5), which, as presented, was in language and form as follows:

> "(5) *Life interest* in the sum of twenty thousand ˙*dollars* each to—

Died Dec. 44 C.A.Z.
Miss
~~Mrs. S. Marshall Taylor and~~ ∧~~Dorothy M. Taylor, 4108 Hermitage Road, Rd, Va.~~ ∧

> Miss Lillian Bauer and Miss Dorothy Bauer, (mail sent to above address)
> Mrs. Lena M. Cutchins, 3026 Meadowbridge Road, Rd, Va.
> At the death of each beneficiary, the principal to go to
> its
> Sheltering Arms Hospital, for the enlargement of ~~their~~ charitable work."

The Clerk admitted the "manuscript and undeleted portions" of the will to probate, and ordered that it be recorded in that form as the true last will and testament of Zincke. Accordingly, in transcribing Item (5) upon the will book, the Clerk omitted the names and words through which the lines were drawn. He also omitted the marginal notation, "Died Dec. 44 C. A. Z."

First and Merchants National Bank, hereinafter referred to as the Bank, qualified as executor and trustee of testator's estate, and as such instituted in March, 1956, in the Chancery Court of the City of Richmond, a suit for construction of the will naming all interested parties as defendants, including Sheltering Arms Hospital, and the Virginia Tuberculosis Association, the residuary legatee. (Record, No. 4692). On May 28, 1956, evidence of the complainant was

taken and the cause continued.

On June 28, 1956, Sheltering Arms Hospital, hereinafter referred to as Hospital, appealed to the Chancery Court of the City of Richmond from the Clerk's order admitting the will to probate. Code, § 64-74. (Record, No. 4693) On July 11, 1956, a final order was entered by the Chancery Court adjudging the undeleted portions of the will as the true last will and testament of Zincke, thereby approving and affirming the will as probated and recorded by the Clerk.

On July 20, 1956, the Chancery Court entered a decree in the proceeding for the construction of the will, holding that the testator, by Item (5) of his will, set up only three funds of $20,000 each; that the Bank, as trustee, should hold and invest each of the three funds and pay over the net income of one fund to Lillian Bauer during her lifetime, the net income of the second to Dorothy Bauer during her lifetime, and the net income of the third to Lena M. Cutchins during her lifetime; and that upon the death of each life tenant, it should distribute the principal of her fund, together with all net income which should have accrued thereon after the death of the life tenant to Sheltering Arms Hospital, the residuary legatee under Item (5).

On January 17, 1957, we awarded Hospital appeals from the final order of probate and the final decree in the chancery case. Both proceedings were, by agreement of counsel, heard together in this Court because of the relation of the issues involved.

[■] Hospital contends first that the trial court erred in approving and affirming the Clerk's order of probate, which omitted the deletions in Item (5) and the marginal notation opposite that item. It argues that the alteration of a portion of a testamentary paper by the testator is an equivocal act, and that no proper construction of the will can be made without a consideration of the deletions and marginal notations thereon.

Hospital next contends that the testator created five separate, individual bequests of life estates, with remainder in each to it, and that such remainder was not affected by revocation, cancellation, or failure of the bequest to Mrs. Taylor and Miss Taylor.

We are unable to agree with either contention.

We are here dealing with the probate and recordation of a holographic will with deletions made by the testator, and not with a witnessed will, wherein changes and alterations have been made.*

---

*Cf. Virginia Probate Practice, § 33, pp. 76 *et seq.*, by Brockenbrough Lamb, (1957).

A holographic will is the product of one hand and one mind. The testator may, at any time, and as often and as freely as he desires, change it by deletions, additions, and interlineations; he may change amounts, make marginal notations, and insert between lines, provided all is done in his own handwriting, and the paper in the new form and as altered by him, if duly signed, is his true last holographic will and testament.

Hospital offered no testimony at the time of the probate by the Clerk, upon the appeal therefrom to the trial court, or in the proceeding to construe the will. There is no evidence that testator's act of deletion was other than with the intention of revoking and cancelling the bequests to Mrs. Taylor and Miss Taylor, a right he was entitled to exercise. Code § 64-59. *Wilkes v. Wilkes,* 115 Va. 886, 80 S. E. 745; *Franklin* v. *McLean,* 192 Va. 684, 689, 66 S. E. 2d 504.

An examination of the original of Zincke's will, as presented for probate, shows the following:

(1) The words "Died Dec. 44 C.A.Z." in the margin opposite the name of Mrs. Taylor were written first in pencil and then traced over in ink.

(2) The two lines through the words "Mrs. S. Marshall Taylor and" were drawn first in pencil and then traced over in ink.

(3) The line through the words "Dorothy M. Taylor, 4108 Hermitage Road, Rd, Va." is in ink only, and that of a darker hue than the lines through the words next above referred to.

(4) The lines through the words "Mrs. S. Marshall Taylor and" stop at the end of the word "and." A single darker ink line then commences with the word "Dorothy" with a space between the two lines and the one line.

(5) The spacing between the first, second, third, fifth and sixth lines of Item (5) is almost equal, but wider than that between lines three and five, where the words "Mrs. Lena M. Cutchins, 3026 Meadowbridge Road, Rd, Va." are written in darker ink than that which appears on the other lines and fall short of taking up the whole space horizontally from margin to margin.

These facts clearly show that changes were made in the original draft of the will from time to time. The record discloses that Mrs. S. Marshall Taylor died in the month of December, 1944. The notation "Died Dec. 44 C.A.Z." explains why her name was deleted, if any explanation be needed. The deletion of her name was sufficient

to cancel the bequest to her. There is nothing to indicate why testator deleted the name of Miss Dorothy M. Taylor; but no explanation is needed. The deletion shows a cancellation of the bequest. We are not here concerned either with the time when the changes were made or the reasons therefor.

There is no evidence that there was ever a time when there appeared in the will five bequests of life interests in the sum of $20,000 each, or a bequest of $100,000 to five persons, with remainder over. The certain and conclusive fact remains that there were only three unstricken names in Item (5) of the will as left by the testator, and consequently only three bequests in the total amount of $60,000.

We must give effect to the will as it appeared upon the death of the testator. The words and names stricken were not then a part of the will and the stricken language cannot be used to aid in a construction of the will. *Ruth* v. *Jester, Adm'r*, 198 Va. 887, 96 S. E. 2d 741. There is no gift in the will to either Mrs. Taylor or Miss Taylor, they are not beneficiaries therein, and the result is the same as if their names had never been written in the will. It was the duty of the Clerk of probate and the Chancery Court to take the will as the testator left it, and it did not include the words stricken out.

The construction of a will is not a question in a proceeding for its probate. Cf. *Adams* v. *Cowan*, 160 Va. 1, 10, 168 S. E. 750.

Virginia Code, § 64-90 provides that: "Every will or authenticated copy *admitted to probate* by any court or clerk * * * shall be recorded by the clerk and remain in the clerk's office, * * *." (Italics added).

Code, § 17-59 provides that "Every writing authorized by law to be recorded * * *, shall, when admitted to record, be recorded by or under the direction of the clerk, in typewriting or by photostating or in a fair and legible hand and in such books as are prescribed by § 17-70."

Here, the Clerk correctly admitted to probate the "manuscript and undeleted portions" of the paper writing presented. The deleted portions were not a part of the will, and, therefore, in recording the true last will and testament of the testator, the Clerk properly omitted therefrom the names and words through which the lines of deletion were drawn. The original paper writing remained in his office, where interested persons might read it, with and without the deleted portions.

The principles stated in the recent case of *Ruth* v. *Jester, Adm'r, supra*, are applicable here. There we held, in a case involving a holo-

graphic will, that when words are stricken, a new will is created and the stricken words cannot be employed to aid in its construction. (198 Va. 890) Cf. 57 Am. Jur., Wills, sections 508, 650, and 1040.

Zincke did not add a codicil revoking the provisions in Item (5) for gifts to Mrs. Taylor and Miss Taylor. He struck their names as beneficiaries therein, and thereby eliminated their names and the gifts to them. The undeleted portions of his paper writing constituted his true last will and testament, and it was correctly probated and recorded as such. Consequently, there is no provision in Item (5) for gifts of life estates to Mrs. Taylor and Miss Taylor, nor gifts of remainders in the principal sums to another, either separately or independently.

The will, as probated and recorded, is unambiguous and speaks for itself. Had it been recorded, with the deletions included, in the will book, "in typewriting or by photostating or in a fair and legible hand," our conclusion would be the same. We cannot look to the deleted portions as an aid in construing its provisions. Having reached this conclusion, there is no need to refer to cases involving the construction or interpretation of wills.

We find no error in either the order or the decree appealed from, and each is affirmed.

*Affirmed.*