693 P.2d 1062 (1984)
107 Idaho 860
In the Matter of the ESTATE OF Orpha F. BRADLEY, Deceased.
Thelma Faylor ALLISON, Devisee and Appellant,
v.
John H. BRADLEY, Personal Representative and Respondent.
No. 15144.
Court of Appeals of Idaho.
December 12, 1984.
*1063 Edith Miller Klein of Langroise, Sullivan & Smylie, Boise, for devisee and appellant.
R. Brad Masingill, Weiser, for personal representative and respondent.
SWANSTROM, Judge.
Thelma Allison petitioned the magistrate's division of the district court for formal probate of the holographic will of her sister, Orpha Bradley. The magistrate, after a hearing, ordered the will to be probated and the specific devises to be distributed in accordance with the provisions of the will. The remainder of the estate was to be distributed according to the laws of intestate succession to Orpha's husband, John. John appealed to the district court. The district court, acting in its appellate capacity, reversed the magistrate's decision, holding that certain deletions from the will, admittedly made by Orpha, rendered the will meaningless and unenforceable. Thelma appealed. We reverse the district court's order.
The facts are as follows. Orpha Bradley executed a holographic will on or about August 1, 1979. The will consisted of three pages, each signed by Orpha. Sometime later, Orpha crossed out portions of the will and wrote the word "omit" in the margins. On April 20, 1982, as the result of an automobile accident, Orpha died. On April 30, Thelma delivered to John the original of Orpha's holographic will which had been kept in a safety deposit box rented jointly by Orpha and Thelma. John, however, filed an application on June 8 for informal probate and for appointment as personal representative, alleging that no valid will had been found and that he believed Orpha had died intestate. He was appointed personal representative on June 16. Thelma then filed a petition for formal probate and requested an order directing John to deliver the original will to the court. At a hearing on her petition, the parties stipulated to the admission of the will into evidence, subject to interpretation by the court.
The magistrate held, in part:
If we consider the deletion of the residuary clause on page 1, and also the personal representative's allegation that there is no allusion to a separate inventory, a reading of the will on page 3 thereof .. . indicate[s] to the Court that the decedent very specifically wanted these items to go according to her wishes.
On appeal to the district court, John argued that the deletion of the residuary clause on page one of the will demonstrated an intent by Orpha to cancel the specific devises on page three. At the very least, he maintained, the deletion rendered Orpha's intent unclear and the will invalid. The district court agreed, holding that the deceased destroyed any meaning of her original will by writing the word "omit" and lining out all of the residual bequest including the exception items contained on the separate sheet, ... as well as deleting the date of her will. The Court, therefore, does not believe that any legal effect can reasonably be given to the alleged will with the *1064 exception of the appointment of John H. Bradley as Personal Representative.
In reviewing a magistrate's findings of fact, not involving a trial de novo, a district court shall "review the case on the record and determine the appeal as an appellate court in the same manner and upon the same standards of review as an appeal from the district court to the Supreme Court... ." I.R.C.P. 83(u)(1). Thus, a district court must accept findings of fact unless they are clearly erroneous. I.R.C.P. 52(a). In reviewing a magistrate's conclusions of law, a district court must determine whether proper findings of fact support those conclusions. See Owen v. Boydstun, 102 Idaho 31, 624 P.2d 413 (1981). We, in turn, will treat the district court as an intermediate appellate court. Koester v. Koester, 99 Idaho 654, 586 P.2d 1370 (1978). This requires us to review the magistrate's findings, based upon the record, under I.R.C.P. 52(a). Then, depending upon our analysis of the correctness of the magistrate's findings and conclusions, we will either affirm or reverse the district court as required. See Hawkins v. Hawkins, 99 Idaho 785, 589 P.2d 532 (1978).
"The intention of a testator as expressed in his will controls the legal effect of his dispositions." I.C. § 15-2-603. "If the testator's intent can be determined from the face of his will, that intent, unless it is in contravention of some established rule of law or public policy, must be given effect." Allen v. Shea, 105 Idaho 31, 34, 665 P.2d 1041, 1044 (1983). We cannot, however, engage in speculation "as to what the testatrix intended to declare in the will." Dolan v. Johnson, 95 Idaho 385, 389, 509 P.2d 1306, 1310 (1973) (footnote omitted). If the intent is unclear, and extrinsic evidence sheds no light on that intent, no effect can be given to the will. When language in a holographic will is deleted or added to, a new will results, consisting only of the remaining and new language. Sheltering Arms Hospital v. First and Merchants National Bank of Richmond, 199 Va. 524, 100 S.E.2d 721 (1957). We must therefore determine the validity of the will "as we find it... . giving due effect to all cancellations and additions." In the Matter of the Estate of Fisher, 47 Idaho 668, 672, 279 P.2d 291, 292 (1929). In other words, if the remaining language in the will clearly expresses the testatrix's intent, we may not consider the deleted language to alter that intent or to render that intent ambiguous. Sheltering Arms Hospital v. First and Merchants National Bank of Richmond, supra.
Applying these general rules, we hold  as did the magistrate  that Orpha's intent is clear; the devises to Thelma on page three of the will were not cancelled by the deletion of the residuary clause on page one. The residuary clause read as follows:
I hereby give, devise and bequeath all the rest, residue and remainder of my property of every kind and nature, real, personal and mixed, owned by me at the time of my death, wheresoever the same may be situated, to my beloved husband, John H. Bradley, except for the items listed on a separate sheet of this will.
The "separate sheet" referred to is conceded to be the third page of the will containing the specific devises to Thelma. John argues that the deletion of the language, "except for the items listed on a separate sheet of this will," indicates an intention on the part of Orpha to also cancel her disposition of those items. This argument is not convincing.
First, if Orpha had intended to cancel the dispositions listed on page three of her will, she could easily have crossed out that page or destroyed it entirely. In fact, Orpha did cross out several words and phrases throughout her will, including some on page three. Since she deleted certain language on page three, but otherwise did not alter it, the conclusion is inescapable that Orpha, by deleting the residuary clause, did not intend to cancel page three in its entirety. Second, Thelma's explanation for the deletion of "except for the items listed on a separate sheet of this will" is both logical and convincing. The deleted clause was a residuary clause. The language in question *1065 delineated an exception to that clause. With the deletion of the residuary clause, there was no need to retain the exception language. The exception language was simply inserted to assure that the devises on page 3 were recognized. With the residuary clause deleted, there would be no reason to expect page 3 to be overlooked.
We hold that the will, consisting of three signed pages, was not rendered invalid by the deletions Orpha made subsequent to its execution. We agree with the magistrate that the will, after giving due effect to the cancellations, was not ambiguous and it continued to manifest Orpha's intent to devise specific items and groups of items to her sister, Thelma. Accordingly, we disagree with the district court ruling that the will, as altered, has no meaning and is not entitled to be given any legal effect.
In his brief, John has discussed certain other "issues." He questions first whether an inventory of jewelry prepared by Orpha, denoted exhibit B, was incorporated into her will. The magistrate made a passing reference to exhibit B, but made no finding whether it was or was not incorporated. Indeed, while we think it is clear that the inventory was not incorporated into the will, as can now be done under I.C. § 15-2-513, incorporation has no effect upon the issue we decide in this opinion, that is, the validity of the will. We will leave it to the magistrate court to determine the usefulness of the exhibit in determining what may comprise Orpha's "jewelry," as the term is used in this will.
John also invites this court to determine whether decedent made a valid bequest of $20,000 to Thelma. This involves interpreting the following sentence on page three of the will: "My husband agrees that Thelma T. Allison is to have $20,000.00." It is premature for us to discuss this issue. The record before us does not indicate that this question was ever presented to either the magistrate or the district judge. No findings or rulings have been made in respect to the interpretation of the sentence. Accordingly, at this time there is simply no issue for this court to review.
The order of the district court is reversed. The order of the magistrate, admitting the will to probate, is therefore reinstated. Costs to appellant, Thelma Allison. No attorney fees awarded.
WALTERS, C.J., concurs.
BURNETT, J., concurs in the result.