667 P.2d 267

The STATE of Idaho, ex rel Carl C. MOORE, Lloyd F. Barron and Roy I. Stroschein, Idaho Transportation Board, Plaintiffs-Respondents,

v.

Raymond LAWSON and Betty Lawson, his Wife; and Wendell B. Platt and Wilma Jean Platt, Husband and Wife, Defendants-Appellants.

No. 13903.

Court of Appeals of Idaho.

June 7, 1983.

Rehearing Denied July 27, 1983.

Petition for Review Denied Oct. 4, 1983.

William F. Gigray, Jr., of Gigray, Miller, Downen & Weston, Caldwell, for defendants-appellants.

Robert L. Trabert, Boise, for plaintiffs-respondents.

PER CURIAM.

This is an appeal from a judgment in a condemnation action. The jury awarded Wendell and Wilma Jean Platt $13,000 as compensation for a strip of land taken to complete the construction of Interstate Highway 84 through Caldwell, Idaho. Raymond and Betty Lawson were contract sellers of the property, and it appears that they were only nominal parties to the action. Believing the judgment to be inadequate, the Platts appealed.

We are faced with a threshold problem of appellate jurisdiction. The judgment was filed on June 19, 1980, allowing the state to acquire certain lands and an easement upon payment of $13,000 and interest to the Platts. The final paragraph of the judgment contained blanks where the amounts of costs and attorney fees could be inserted. The Platts then filed a memorandum of

costs and an affidavit for attorney fees. The state filed an objection to attorney fees and a motion to disallow costs. The court heard these motions on July 25, and on August 15 entered an order denying attorney fees but awarding costs. Finally, on September 24, 1980, the Platts filed a notice of appeal from the judgment and from the order regarding costs and attorney fees.

■ A notice of appeal must be filed within 42 days of the date of the filing of the judgment. I.A.R. 14. Failure to file a notice of appeal within this time limit is jurisdictional and requires an "automatic dismissal" of the appeal. I.A.R. 21. The time for filing an appeal may be extended "by the filing of a timely motion which, if granted, could affect any findings of fact, conclusions of law or any judgment in the action." I.A.R. 14. However, Rule 14 specifically provides that motions regarding costs and attorney fees do not extend the time for filing an appeal from the judgment. *See Wheeler v. McIntyre*, 100 Idaho 286, 290, 596 P.2d 798, 802 (1979). Because the filing by the state of its objection and motion concerning costs and attorney fees did not extend the time to appeal the judgment, the time had expired when the Platts filed their appeal on September 24. Hence the appeal must be dismissed, as to the judgment.

■ The Platts' notice of appeal was filed within 42 days of the court's order denying them attorney fees. Such an order is appealable, and this court does have jurisdiction to consider the appeal as it relates to the order denying attorney fees. I.A.R. 11(a)(5). However, as the district judge correctly noted, the Platts were entitled to an award of attorney fees in this case only if they could show entitlement under I.C. § 12–121. No other statute was applicable. Rule 54(e)(1) of the Idaho Rules of Civil Procedure further limits their right to recover fees. The rule prohibits an award of fees to the prevailing party, under I.C. § 12–121, unless it is shown that "the case was brought [or] pursued ... frivolously, unreasonably or without foundation...." The district judge stated that such a find-

ing could not be supported as to either party in this case. We have reviewed the record on appeal and we do not find any error in the judge's ruling concerning attorney fees. Accordingly, we affirm the order awarding costs and denying attorney fees.

Costs to respondent, State of Idaho.

## ON DENIAL OF PETITION
## FOR REHEARING

### PER CURIAM.

■ In a petition for rehearing, the Platts have urged that a judgment which contains a blank for insertion of costs should not be considered a final judgment for purposes of activating the time for appeal. However, as noted in our principal opinion, I.A.R. 14(a) provides to the contrary. Furthermore, I.R.C.P. 58(a) provides that the "entry of the judgment shall not be delayed for the taxing of costs." *See also St. John v. O'Reilly*, 80 Idaho 429, 333 P.2d 467 (1958), and *Cantwell v. McPherson*, 3 Idaho 321, 29 P. 102 (1892).

■ Our Supreme Court has plenary authority under Art. 5, § 9, of the Idaho Constitution to "review upon appeal, any decision of the district courts." However, we view our appellate jurisdiction as being limited to those cases in which appeals have been timely filed under rules promulgated by the Supreme Court. We again conclude that we lack jurisdiction to consider the Platts' appeal insofar as it relates to the judgment filed June 19, 1980. The petition for rehearing is denied.