779 P.2d 429

**Mary Elizabeth CARR,**
**Plaintiff–Respondent,**

v.

**Terry Arthur CARR,**
**Defendant–Appellant.**

No. 17478.

Court of Appeals of Idaho.

Aug. 31, 1989.

C.J. Hamilton, Hamilton & Hamilton, Coeur d'Alene, for defendant-appellant.

Sue S. Flammia, Flammia & Solomon, Coeur d'Alene, for plaintiff-respondent.

WALTERS, Chief Judge.

In this proceeding, we are asked to review an intermediate appellate decision of the district court in a divorce action. Preceding this appeal, a magistrate had denied two separate motions by Terry Carr seeking to modify his divorce decree by suspending or eliminating Carr's child support obligation due to Carr's imprisonment in a federal penitentiary. The magistrate's rulings were upheld on appeal to the district court. For reasons explained below, we affirm that portion of the district court's decision upholding the magistrate's denial of Carr's first motion for modification, but reverse the district court's decision upholding the magistrate's denial of Carr's second modification motion. We remand this case to the magistrate's division for further proceedings consistent with our opinion.

This case is part of the protracted litigation stemming from the divorce of Terry and Elizabeth Carr in 1981. *See Carr v. Magistrate Court of the First Judicial District,* 108 Idaho 546, 700 P.2d 949 (1985); *Carr v. Carr,* 116 Idaho 747, 779 P.2d 422 (Ct.App.1989) (hereinafter *Carr I*); *Carr v. Carr,* 108 Idaho 684, 701 P.2d 304 (Ct.App.1985). Over the years, Terry and Elizabeth have disputed many issues regarding their divorce, including disposition of their community property. Through these proceedings, the lower courts have concluded that Terry had diverted assets from the couple's former business—The Husky Port Truck Stop located near Post Falls—in an attempt to keep Elizabeth from receiving her share of the community property. Also, as part of the couple's divorce decree, Elizabeth received physical custody of the couple's minor child. Terry was ordered to pay child support in the amount of $400 per month, subject to an increase annually at the rate of five percent.

In 1986, Terry was convicted of tax evasion and fraud and was sentenced to serve nine years in a federal penitentiary. A federal tax lien in the amount of $690,000 was later filed against his real and personal property. In August, 1986—before being sentenced—Terry filed a motion with the magistrate division to modify the divorce decree, seeking to eliminate his child support obligation. After an evidentiary hearing, the magistrate denied the motion, finding that, because all of Terry's property was not yet encumbered by the federal tax lien, he was the owner of several assets—including rental income, real and personal property—which could be used to satisfy the support obligation. Further, the magistrate ordered imposition of a judgment lien on Terry's real and personal property as security for the payment of his support obligation. Finally, the magistrate ordered that Elizabeth was entitled to one-half of the value of any assets or cash hidden from her by Terry prior to their divorce.

In November, 1986—after being sentenced—Terry filed another motion, again seeking to modify the divorce decree. He argued that, because of his imprisonment, he had no means of making his child support payments. Terry also contended that the government had, in fact, imposed a tax lien encumbering his property and impeding his means of meeting his support obligation. The magistrate denied Terry's renewed motion, stating that it was more likely than not that Terry had "undisclosed assets" with which he could meet his support obligation. Furthermore, the magistrate stated that he "had no intention" of relieving Terry of the judgment lien placed on his property during the first modification motion. The magistrate also awarded attorney fees and costs to Elizabeth.

Terry appealed to the district court from both of the magistrate's orders. The district court considered the challenges simultaneously and, in a memorandum opinion and order, affirmed that portion of the magistrate's orders denying Terry relief from his support obligation. However, the district judge reversed the magistrate's decisions imposing a judgment lien on Terry's property, awarding to Elizabeth one-half of the assets supposedly hidden by Terry, and awarding Elizabeth attorney fees incurred in pursuing her claim to the hidden assets. This appeal by Terry followed. In Part I, we review the issues raised by Terry in this appeal. In Part II, we address errors as-

serted by Elizabeth with regard to the district court's appellate determinations.

## I

■ Preliminarily, we first note our standard of review. On appeal from the district court reviewing a magistrate's findings and conclusions, we examine the record of the trial court independently of, but with due regard for, the district court's intermediate appellate decision. *Cole v. Kunzler*, 115 Idaho 552, 768 P.2d 815 (Ct. App.1989). Findings of fact made by the magistrate will not be disturbed on appeal where they are supported by substantial and competent, although conflicting, evidence. *Salazar v. Tilley*, 110 Idaho 584, 716 P.2d 1356 (Ct.App.1986). As to questions of law, we will exercise free review. *Cole v. Kunzler, supra.* Furthermore, an appellate court must afford deference to a trial court's opportunity to assess the credibility of witnesses and the weight of evidence presented at trial; on review, this Court is precluded from substituting its opinion for that of the trier of fact. *See Salazar v. Tilley, supra.* Depending upon our analysis, we will either affirm or reverse the district court accordingly. *Matter of the Estate of Bradley*, 107 Idaho 860, 693 P.2d 1062 (Ct.App.1984).

In this appeal, Terry argues that the magistrate failed to properly assess the evidence before him and, consequently, abused his discretion in denying Terry's motions for modification of the divorce decree. In support of his contention Terry submits that, due to his incarceration, he is unable to earn any money to meet his support obligation and to pay his other creditors. Terry also contends that the federal tax lien on his property makes it impossible for him to satisfy his support obligation. Further, Terry submits that, contrary to the magistrate's findings with respect to the first motion to modify, he no longer owns real property which could be sold to provide funds to satisfy his support obligation. Finally, Terry maintains that he has no "hidden assets" which he could use to make his support payments.

Pertinent to this case, we note that I.C. § 32–709 specifies a child support obligation may be modified only upon a showing of substantial and material change of circumstances. The relevant factors the court may consider in making such a modification include: the financial resources of the child; the financial resources, needs, and obligations of both parents; the child's standard of living during the marriage; the physical and emotional condition and needs of the child, and his or her educational needs; and the availability of medical coverage for the child at a reasonable cost. I.C. § 32–706. An award for child support rests in the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. *Shumway v. Shumway*, 106 Idaho 415, 679 P.2d 1133 (1984). Furthermore, in considering Terry's motions, we are guided by our recent decision in *Nab v. Nab*, 114 Idaho 512, 757 P.2d 1231 (Ct.App.1988). In *Nab*, we recognized that a noncustodial parent who is imprisoned for a crime other than for non-support remains liable for child support payments *unless* that parent affirmatively shows he or she has no income or assets to make such payments. *Id.* at 519, 757 P.2d at 1238. The burden of proving a change in the ability to pay support is on the party moving for a modification. *Id.* at 521, 757 P.2d at 1240. In making this determination the trial court, after reviewing all the relevant facts, must determine whether the assets and income available to the party seeking a reduction are sufficient to pay for child support, and if not, the divorce decree should be modified accordingly. *See, Id.* at 520–21, 757 P.2d at 1239–40.

■ With regard to Terry's first motion the magistrate found that, despite Terry's pending incarceration and decline in assets, he had an ability to meet his child support obligation. The magistrate based his decision upon evidence establishing that, at the time, Terry was receiving rental income from various sources, and was the owner of certain real property which could be used to satisfy the support obligation. Although Terry argues that, in reaching his decision, the magistrate failed to consider all of Terry's liabilities—including the

pending federal tax lien—our review of the record reveals that evidence of Terry's debts was presented to the magistrate at the hearing on the modification request. Apparently, the magistrate was not convinced that Terry's ability to fulfill his child support obligation was impeded by his weakened financial situation, his pending incarceration, nor the federal tax lien soon to be placed on his property. Having failed to carry his burden of proving that he lacked income or assets to meet his support obligation, we conclude that the magistrate did not abuse his discretion by denying Terry's first motion to modify the divorce decree.

■ With regard to Terry's subsequent motion, the magistrate found that, despite the federal tax lien then imposed upon his property, Terry still had undisclosed assets which could be used to satisfy his support obligation. The magistrate stated that these assets, in excess of $200,000, were the result of Terry's diversion of monies and property from the parties' former business endeavors. *See Carr I*, 116 Idaho 747, 779 P.2d 422 (Ct.App.1989). The magistrate concluded that these funds, presumably held by members of Terry's family, were available to satisfy Terry's support obligation despite his incarceration and the federal tax lien. Upon the present record we cannot sustain the magistrate's conclusion. As we recently held in *Carr I, supra,* we are unable to determine from the record relied upon by the magistrate in that case whether Terry had diverted community assets from the couple's truck stop business. We remanded that case so the magistrate could reach an independent conclusion as to whether Terry had, in fact, diverted property from the community estate. *Carr I,* 116 Idaho at 752, 779 P.2d at 427 (Ct.App.1989). Without such a finding, we cannot uphold the magistrate's conclusion in this case that Terry has assets—ostensibly diverted from the community estate—which may be used to satisfy his child support obligations.

We therefore hold that there is insufficient evidence in the record to support the magistrate's denial of Terry's motion for modification of the divorce decree. We remand this case to the magistrate division for a determination of whether Terry is entitled to the relief he seeks. In making this determination, the magistrate should take into consideration the decision of the magistrate in *Carr I* determining whether Terry has control over undisclosed assets which have been diverted from the community estate. In reaching our conclusion, we express no opinion regarding the priority of the federal tax lien over any order for child support payments.[1]

## II

■ Next, we confront Elizabeth's challenges to the district court's reversal of (a) the magistrate's imposition of a judgment lien on Terry's property to secure payment of his support obligation, (b) the magistrate's order awarding Elizabeth one-half interest in the property supposedly diverted from the community property by Terry, and (c) the magistrate's decision to award Elizabeth attorney fees in asserting her claim for the hidden assets. Elizabeth contends that the district court erred in making these determinations and she asks that they be set aside. However, she did not cross-appeal from the decision entered by the district court. Nevertheless, she argues that we should consider the merits of these rulings on equitable grounds. We disagree. In Idaho, a timely notice of appeal or cross-appeal is a jurisdictional prerequisite to challenge a determination made by a lower court. I.A.R. 15, 21; *see Johnson v. Pioneer Title Company of Ada County,* 104 Idaho 727, 662 P.2d 1171 (Ct. App.1983). Failure to timely file such a notice "shall cause automatic dismissal" of the issue on appeal. I.A.R. 21. Because Elizabeth's claims were not presented through a timely cross-appeal, we are with-

---

1. At the oral argument on this case, we were advised that in May, 1988, while this appeal was pending, the magistrate issued an order suspending Terry's ensuing support obligation until he is released from prison. Our conclusion today is unaffected by the magistrate's subsequent modific- ion order suspending Terry's support obliga on.

out jurisdiction to alter the district court's decision by affording Elizabeth any affirmative relief from the order entered by the district court.

## CONCLUSION

In summary, the appellate decision of the district court upholding the magistrate's orders denying Terry Carr's motions for modification of the divorce decree is affirmed in part and reversed in part. The case is remanded to the magistrate division for a determination of whether Terry is entitled to a modification of the divorce decree based upon the independent determination—in *Carr I*—of whether he has diverted community assets which could be used for satisfaction of his support obligation. No attorney fees or costs on appeal.

BURNETT, J., and BENGTSON, J. Pro Tem., concur.