979 P.2d 118

**WALTON, INC., an Idaho Corporation, A Plaintiff–Appellant,**

v.

**Harlan JENSEN, Defendant–Respondent Cross Appellant.**

No. 24413.

Court of Appeals of Idaho.

March 26, 1999.

Review Denied May 25, 1999.

Barry Peters, Attorney At Law, P.A., Eagle, for appellant. Barry Peters argued.

Ling, Nielsen & Robinson, Rupert, for respondent. Roger D. Ling argued.

**SUBSTITUTE OPINION THE COURT'S PRIOR OPINION DATED JANUARY 14, 1999, IS HEREBY WITHDRAWN**

PERRY, Chief Judge.

Following a bench trial, the district court found Walton, Inc., liable to Harlan Jensen for breach of contract, awarding Jensen damages and attorney fees. Walton appeals, and Jensen cross-appeals, both claiming that the district court miscalculated the damages. Based on the following, however, we dismiss the appeal from the judgment for damages as untimely and affirm the attorney fees award.

## I.

### FACTS AND PROCEDURE

Jensen was a real estate developer and in 1993 was attempting to develop a residential subdivision in Burley, Idaho. Walton was a business engaged in the installation of culinary water line systems. In June 1993, Walton agreed to install a culinary water line system, and Jensen agreed to pay for the services and materials.[1] According to the

---

1. The district court did not make a specific finding of fact regarding the contract price, but it appears from the transcripts and from the parties' appellate briefs that the price was somewhere between $12,900 and $14,342.86.

plans and specifications, the pipe was to be laid on the south side of a masonry wall which marked the boundary between the residential lot and an adjoining commercial lot, also owned by Jensen. Walton installed the system, but used Class–200 PVC steel size pipe instead of the agreed upon Class–900 ductile pipe. Additionally, contrary to the plans, Walton laid about 325 feet of the pipe on the north side of the wall on the commercial property which had no relation to the residential development.

Walton demanded payment, but Jensen refused to pay. Walton filed a complaint claiming that Jensen breached their contract. Jensen denied breaching the contract and filed a counterclaim asserting that Walton breached the contract by installing the wrong pipe and by installing part of the system in the wrong location. Walton amended its complaint and added a claim for restitution.

A bench trial was held. The district court issued a memorandum opinion, including findings of fact and conclusions of law. The district court determined that Walton had materially breached the contract by installing C–200 pipe rather than C–900, but found that any damages awarded based on that breach would be speculative. The district court determined that it would allow damages to Jensen only for placing the pipe in the wrong place and concluded that Jensen was entitled to $9,634.55 in damages, representing the cost to place the pipe in the right location. The district court offset the $9,634.55 in damages by an award of restitution to Walton in the amount of $5,205.66. Thus, the district court determined that Jensen was entitled to $4,428.89.

The district court's judgment was filed on October 1, 1997. It appears that the attorney fees and costs were not initially determined on October 1, 1997, because the amount, $4,816.85 for costs and fees, is handwritten onto the October 1 document and is identical to the amount settled as costs, found in the November 26, 1997, order filed by the district court. Therefore, it appears the district court issued its October 1 judgment awarding damages to Jensen, but left a blank line where the amount for costs and attorney fees were to be inserted. Appar-

ently when the district court issued its order settling costs, it then went back to the October 1 judgment and inserted the $4,816.85 figure. Walton and Jensen both filed motions objecting to the damages award, and Jensen filed a cost bill which included a claim for attorney fees, to which Walton objected. The district court issued an order on November 4, 1997, denying the parties' motions to change the judgment. The order settling costs and fees in the amount of $4,816.85 was issued on November 26, 1997, from which Walton appealed on January 5, 1998.

## II.

## DISCUSSION

Both parties contend the district court erred when it calculated damages. However, we conclude that the notice of appeal was untimely filed with respect to the damages issues and dismiss that portion of the appeal. Jensen also claims that the district court erred when it reduced the attorney fees awarded to him and requests attorney fees for this appeal.

### A. Timeliness of Appeal and Cross–Appeal

Jensen argues that November 4, 1997, is the date from which the time began to run for Walton's appeal from the judgment awarding damages because that is when the district court denied the parties' motions challenging the judgment. According to Jensen, the subsequent order settling costs, filed on November 26, 1997, was in response to a motion regarding costs and attorney fees and, therefore, under I.A.R. 14 and I.R.C.P. 58(a), did not extend the time for filing an appeal from the November 4 judgment.

Walton claims that this matter has already been decided and should not be addressed because of res judicata. After Walton filed its notice of appeal, Jensen filed a motion with the Idaho Supreme Court requesting that it dismiss the entire appeal as untimely. The Supreme Court denied the motion and allowed the appeal to proceed, but offered no reason. It is this order, denying Jensen's motion, that Walton now claims

should have res judicata effect and prevent us from reaching the timeliness issue. However, the Supreme Court's order was not a final judgment, it was merely an interim order. At the time of its ruling, there were no appellate briefs filed so that the Court could ascertain what order or judgment was being challenged. As we conclude later in this opinion, a portion of this appeal is timely, and it is proper to allow the appeal to proceed on that issue. Walton's claim that the Supreme Court's order should have res judicata effect is meritless. Thus, we will address Jensen's claim that Walton failed to file its notice of appeal in a timely manner.

■ It is well-settled that the failure to timely file a notice of appeal is jurisdictional and shall cause automatic dismissal of such appeal. I.A.R. 21; *Carr v. Carr*, 116 Idaho 754, 757, 779 P.2d 429, 432 (Ct.App.1989). We are unable to address a challenge made to a determination by the court below unless the notice of appeal is timely. *Carr*, 116 Idaho at 757, 779 P.2d at 432. Therefore, we cannot address the merits of any portion of Walton's appeal that is determined to be untimely. *See generally Large v. Mayes*, 100 Idaho 450, 600 P.2d 126 (1979).

■ Idaho Appellate Rule 14 requires that an appeal from the district court must be made by physically filing a notice of appeal with the clerk of the "district court within 42 days" of any judgment, order or decree. The time for an appeal will be extended by the filing of "a timely motion which, if granted, could affect any findings of fact, conclusions of law or any judgment in the action." I.A.R. 14(a). However, the filing of a motion for costs or attorney fees, or an objection to such a motion, does not extend the time to appeal a judgment. I.A.R. 14(a);[2] *State ex rel. Moore v. Lawson*, 105 Idaho 164, 165,

667 P.2d 267, 268 (Ct.App.1983). The failure to file an appeal within the 42–day time period is jurisdictional and will result in immediate dismissal of the case. I.A.R. 21.

■ The district court's judgment awarding damages in this case was filed on October 1, 1997. Both parties filed motions objecting to portions of the judgment. These motions did extend the time to appeal from the October 1, 1997 judgment because they could have "affect[ed] ... findings of fact, conclusions of law or ..: [the] judgment in the action." I.A.R. 14(a). The district court issued an order on November 4, 1997, denying these motions. As of that date no further motions were pending that could affect the damage award. The time to appeal from the judgment for damages therefore began to run on November 4, 1997.

■ The order settling costs was issued on November 26, 1997, and the amount, $4,816.85, was handwritten into the blank space provided on the October 1 judgment. This order did not extend the time to file an appeal from the November 4 decision because the November 26 order merely designated the award of costs and attorney fees. *See State ex rel. Moore*, 105 Idaho at 165, 667 P.2d at 268. *See also Equal Water Rights Ass'n v. City of Coeur d'Alene*, 110 Idaho 247, 249, 715 P.2d 917, 919 (1986). Under I.A.R. 14 the parties' forty-two days to file an appeal began running when the district court issued its order on November 4 because that order was a final judgment which resolved all motions contesting the district court's findings of fact and conclusions of law. As a result, the notice of appeal needed to be filed by December 16, 1997. Walton's filing on January 5, 1998, was untimely. Thus, we are without jurisdiction to hear the damages is-

---

2. The relevant portion of I.A.R. 14(a) reads:
  Appeals From the District Court. Any appeal as a matter of right from the district court may be made only by physically filing a notice of appeal with the clerk of the district court within 42 days from the date evidenced by the filing stamp of the clerk of the court on any judgment, order or decree of the district court appealable as a matter of right in any civil or criminal action. The time for an appeal from any civil judgment, order or decree in any action is terminated by the filing of a timely motion which, if granted, could affect any findings of fact, conclusions of law or any judgment in the action (except motions under Rule 60 of the Idaho Rules of Civil Procedure or *motions regarding costs or attorneys fees* ), in which case the appeal period for all judgments, orders and decrees commences to run upon the date of the clerk's filing stamp on the order deciding such motion.
(Emphasis added.).

sue raised in Walton's appeal. Therefore, Walton's appeal is hereby dismissed.

On petition for rehearing, Walton claims that the facts in *Spreader Specialists, Inc. v. Monroc, Inc.*, 114 Idaho 15, 752 P.2d 617 (Ct.App.1988) "bear an uncanny resemblance" to the present case and that the holding in that decision calls for acceptance of Walton's notice of appeal as timely on the issue of contract damages. We disagree. The plaintiff in *Spreader*, Monroc, made a settlement offer before trial of $45,000 under I.R.C.P. 68. Spreader rejected the offer and the case proceeded to trial. Judgment was entered awarding Spreader $44,809.75. Under I.R.C.P. 68, a party who has made a settlement offer is entitled to recover its costs incurred after making the offer if the judgment finally obtained by the offeree is not more favorable than the offer. Because the recovery was less than the pretrial settlement offer of $45,000, the trial court granted costs of $2,179.99 to Monroc, treating this award as an offset against Spreader's overall recovery. The trial court then entered an amended judgment for the net amount of $42,629.76.

The notice of appeal in *Spreader* was untimely from the date of the original judgment, but was timely from the amended judgment which altered the damage figure previously adjudged as Spreader's recovery. The amended judgment also ordered that judgment be entered pursuant to I.R.C.P. 58, constituting a final judgment of the court, and specifically provided that appeals could be taken from the amended judgment. This Court held:

> The trial court's procedure was irregular and not to be encouraged. However, we think it would be palpably unjust to dismiss as untimely an appeal taken within 42 days of the instrument described by the trial court as its final judgment in the case.

*Spreader*, 114 Idaho at 19, 752 P.2d at 621. We then addressed the merits of the appeal.

We hold that *Spreader* is clearly distinguishable from the instant case. However, even in *Spreader* we stated:

> We have held that where a court enters a judgment containing blank spaces for the awards of costs and attorney fees, the time

for appeal begins to run at that point and is not extended by the subsequent entry of another judgment in which the blanks have been completed. *State ex rel. Moore v. Lawson*, 105 Idaho 164, 667 P.2d 267 (Ct. App.1983). Moreover, it is well established that a trial court cannot restart the time for appeal by the mere expedient of entering a second judgment identical to the first. Annot., *Power of Trial Court Indirectly to Extend Time for Appeal*, 89 A.L.R. 941 (1934), supplemented 149 A.L.R. 740 (1944).

*Spreader*, 114 Idaho at 19, 752 P.2d at 621. We then specifically held *Spreader* was "not a case in which blank spaces were merely completed, ... Rather, the 'amended judgment' ... altered the figure previously adjudged as Spreader's recovery." *Id.* The present matter, however, is such a case where blanks were merely filled in by the trial court. The November 26 order did nothing more than settle costs and attorney fees, and once these figures were determined, the district court went back to the October 1 judgment and handwrote, on a blank line, the figure $4,816.85. The damages amount awarded to Jensen was not altered. Therefore, we conclude Walton presents a case distinguishable from *Spreader*, which provides no authority for relief to Walton.

■ Furthermore, after reviewing *Spreader*, we conclude it should be reconsidered. A trial court cannot unilaterally extend the time to file an appeal by simply attaching the term "final judgment" to a document. The Idaho Rules of Civil Procedure and the Idaho Appellate Rules do not provide a mechanism for interim judgments. *See Equal Water Rights*, 110 Idaho at 249, 715 P.2d at 919. Therefore, we hold that *Spreader* is at odds with the provisions of I.A.R. 14(a) and we overrule *Spreader* to the extent that it differs from the opinion expressed herein. Accordingly, we adhere to our earlier decision dismissing Walton's appeal of the damages issue.

■ Jensen claims, however, that because his cross-appeal was filed within twenty-one days of Walton's notice of appeal, we have

jurisdiction to hear the damages issue that he has raised. Idaho Appellate Rule 15(a)(2) reads:

A cross-appeal, as a matter of right, may be made only by physically filing the notice of cross-appeal with the clerk of the district court or administrative agency within the 42 day time limit prescribed in Rule 14, as it applies to the judgment, order or decree from which the cross-appeal is taken, or within 21 days after the date of filing of the original notice of appeal, whichever is later.

In this case, Jensen's cross-appeal was filed on January 21, 1998, which was within twenty-one days of Walton's original notice of appeal filed on January 5, 1998. However, because Walton's original notice of appeal was untimely filed as to the damages issue, Jensen's cross-appeal is likewise untimely on that issue. *Endicott Johnson Corp. v. Liberty Mutual Ins. Co.*, 116 F.3d 53, 58 (2d Cir.1997) (A cross-appeal that is not filed within the time limit to qualify as an original appeal, but is filed within fourteen days after the filing of the first notice of appeal, is only timely if the first notice of appeal was timely.); *Abbs v. Sullivan*, 963 F.2d 918, 925 (7th Cir.1992) (Should the appellant file at the end of the permitted period, with the result that the cross-appellant's notice of appeal, though filed within 14 days, is outside the time within which the cross-appellant could have filed an appeal were it not a cross-appeal, and "the first notice of appeal is later discovered to be invalid because the appellant had no right to appeal, the cross-appellant is out of luck. His appeal is untimely."); *First National Bank of Chicago v. Comptroller of the Currency of the United States*, 956 F.2d 1360, 1364 (7th Cir.1992) (If the appellant had no right to appeal, then the respondent cannot give the appellate court jurisdiction unless he or she files within the normal time limit.). Jensen should not be allowed to rest on his rights, let the time to file an appeal expire against both parties, but then when his adversary files an untimely appeal, raise new issues through a cross-appeal. Thus, the damages issue raised in Jensen's cross-appeal is also untimely and, therefore, his cross-appeal is dismissed.

## B. Attorney Fees

Although we have dismissed the damages issues as untimely, we retain jurisdiction to address the attorney fees issue because Walton's notice of appeal filed on January 5, 1998, was timely from the order filed by the district court on November 26, 1997, settling costs and fees. *See State ex rel. Moore*, 105 Idaho at 165, 667 P.2d at 268.

Jensen contends that he "fully prevailed" and that it was improper for the district court to only award him 60 percent of the reasonable attorney fees incurred in defending against Walton and pursuing his counterclaim.

Idaho Rule of Civil Procedure 54(d)(1)(B) reads:

Prevailing Party. In determining which party to an action is a prevailing party and entitled to costs, the trial court shall in its sound discretion consider the final judgment or result of the action in relation to the relief sought by the respective parties, whether they were multiple claims, multiple issues, counterclaims, third party claims, cross-claims, or other multiple or cross issues between and among the parties, and the extent to which each party prevailed upon each of such issue or claims. The trial court in its sound discretion may determine that a party to an action prevailed in part and did not prevail in part, and upon so finding may apportion the costs between the parties in a fair and equitable manner after considering all of the issues and claims involved in the action and the resultant judgment or judgments obtained.

The district court awarded Jensen 60 percent of his reasonably incurred attorney fees, finding that Jensen only prevailed on part of his counterclaim. Jensen had sought damages for replacing the entire water line system of $20,000, but received just over $9,000, indicating that he only prevailed on part of his counterclaim. Moreover, although Walton's contract claim failed, Walton did receive restitutional damages. Therefore, Jensen did not fully prevail as he claims, but was the prevailing party. The district court's attorney fee award was rea-

sonable, and we cannot find that it was an abuse of discretion.

## III.

### CONCLUSION

We conclude that Walton's notice of appeal and Jensen's notice of cross-appeal were untimely filed from the final judgment determining damages and, therefore, dismiss all issues challenging that judgment. We affirm the district court's award of attorney fees. No attorney fees or costs awarded on appeal.

Judge LANSING and Judge Pro Tem McKEE, concur.