128 P.3d 948

**Willard Novie BAKER, III, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

**Nos. 29578, 30413.**

Court of Appeals of Idaho.

May 26, 2005.

Review Denied Sept. 15, 2005.

414

Molly J. Huskey, State Appellate Public Defender; Erik R. Lehtinen, Deputy Appellate Public Defender, for appellant. Erik R. Lehtinen argued.

Hon. Lawrence G. Wasden, Attorney General; Ralph R. Blount, Deputy Attorney General, Boise, for respondent. Ralph R. Blount argued.

PERRY, Chief Judge.

Willard Novie Baker appeals from the district court's order dismissing Baker's application for post-conviction relief. Baker also appeals from the district court's order dismissing his successive application for post-conviction relief. We affirm.

## I.

### FACTS AND PROCEDURE

Late one evening in July 1999, Baker and a passenger were cruising on a boulevard. Baker began to drag race another car. While traveling at a high rate of speed in a 35 mph zone, Baker lost control of his vehicle, struck a pickup, and traveled approximately 100 feet before coming to a rest following the impact. The collision caused extensive damage to the passenger side of Baker's vehicle. The passenger was extricated from the car, transported to the hospital, and pronounced dead. An analysis of Baker's blood demonstrated a blood alcohol concentration (BAC) of .08 and the presence of marijuana. Baker pled guilty to felony vehicular manslaughter and was sentenced to a determinate term of ten years, a $10,000 fine, a $5,000 civil penalty, and a lifetime suspension of his driving privileges. Baker appealed, arguing that his sentence was excessive and that a lifetime suspension of his driving privileges was illegal. The Idaho Supreme Court affirmed Baker's sentence and the suspension of his driver's license. *See State v. Baker,* 136 Idaho 576, 38 P.3d 614 (2001).

More than three years following Baker's guilty plea, the Idaho State Police reviewed the accident reconstruction report that was created following Baker's accident. The review revealed that the method used to estimate the speed of Baker's vehicle at the time of the collision was incorrect. The initial accident reconstruction report estimated that Baker was traveling at 97 mph when he lost control of his vehicle. An amended report concluded that Baker's speed at the time of the collision was greater than 66 mph. Both reports indicated that the driver of the pickup, who was waiting in the center turn lane when struck by Baker, did not contribute to

the cause of the accident. Baker filed an application for post-conviction relief in December 2002, alleging that, because his defense counsel had not discovered the error in the accident reconstruction report nor investigated the reconstructionist's credentials, Baker received ineffective assistance of counsel. Baker also alleged that his guilty plea was not knowing and voluntary, that the prosecution withheld material and exculpatory evidence, and various other claims.

The district court appointed counsel to represent Baker. The state filed a motion for summary dismissal of Baker's application, arguing that the incorrect speed estimate in the initial accident report could not have influenced the outcome of Baker's case and that Baker had failed to present an issue of material fact as to any of his claims. Baker argued that the affidavits and other materials he submitted in conjunction with his application demonstrated that he was entitled to an evidentiary hearing. The district court granted the state's motion and summarily dismissed Baker's application for post-conviction relief in March 2003. Baker appealed.

In June 2003, Baker filed a successive application for post-conviction relief. Baker contended that, in his initial application, his grounds for relief were inadequately presented as a result of the ineffective assistance of his post-conviction counsel. The district court summarily dismissed Baker's successive application, holding that Baker could not raise ineffective assistance of post-conviction counsel as a basis for relief in a successive application. Baker again appealed. The appeals from the summary dismissals of Baker's initial and successive applications have been consolidated.

## II.

### STANDARD OF REVIEW

An application for post-conviction relief initiates a proceeding which is civil in nature. *State v. Bearshield,* 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Clark v. State,* 92 Idaho 827, 830, 452 P.2d 54, 57 (1969); *Murray v. State,* 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct.App.1992). Like a plaintiff in a civil action, the applicant must prove

by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19–4907; *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct.App.1990). An application for post-conviction relief differs from a complaint in an ordinary civil action, however, for an application must contain much more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, an application for post-conviction relief must be verified with respect to facts within the personal knowledge of the applicant, and affidavits, records or other evidence supporting its allegations must be attached, or the application must state why such supporting evidence is not included with the application. I.C. § 19–4903. In other words, the application must present or be accompanied by admissible evidence supporting its allegations, or the application will be subject to dismissal.

■ Idaho Code Section 19–4906 authorizes summary dismissal of an application for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative. Summary dismissal of an application pursuant to I.C. § 19–4906 is the procedural equivalent of summary judgment under I.R.C.P. 56. Summary dismissal is permissible only when the applicant's evidence has raised no genuine issue of material fact which, if resolved in the applicant's favor, would entitle the applicant to the requested relief. If such a factual issue is presented, an evidentiary hearing must be conducted. *Gonzales v. State*, 120 Idaho 759, 763, 819 P.2d 1159, 1163 (Ct.App.1991); *Hoover v. State*, 114 Idaho 145, 146, 754 P.2d 458, 459 (Ct.App.1988); *Ramirez v. State*, 113 Idaho 87, 89, 741 P.2d 374, 376 (Ct.App.1987). Summary dismissal of an application for post-conviction relief may be appropriate, however, even where the state does not controvert the applicant's evidence because the court is not required to accept either the applicant's mere conclusory allegations, unsupported by admissible evidence, or the applicant's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct.App.1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct.App.1986).

■ On review of a dismissal of a post-conviction relief application without an evidentiary hearing, we determine whether a genuine issue of fact exists based on the pleadings, depositions and admissions together with any affidavits on file; moreover, the court liberally construes the facts and reasonable inferences in favor of the non-moving party. *Ricca v. State*, 124 Idaho 894, 896, 865 P.2d 985, 987 (Ct.App.1993).

## III.

## ANALYSIS

### A. Initial Application

Baker argues that the district court erred by summarily dismissing his application for post-conviction relief because his application presented an issue of material fact regarding the effectiveness of his trial counsel's assistance. Baker alleges that his counsel performed defectively by failing to conduct an adequate investigation into the credentials and conclusions of the accident reconstructionist. In an affidavit submitted with his application for post-conviction relief, Baker contended that he denied traveling at 97 mph and that he would not have pled guilty had he known about the speed estimate error in the original report.

■ A claim of ineffective assistance of counsel may properly be brought under the post-conviction procedure act. *Murray v. State*, 121 Idaho 918, 924–25, 828 P.2d 1323, 1329–30 (Ct.App.1992). To prevail on an ineffective assistance of counsel claim, the defendant must show that the attorney's performance was deficient, and that the defendant was prejudiced by the deficiency. *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct.App.1995); *Russell*, 118 Idaho at 67, 794 P.2d at 656; *Davis v. State*, 116 Idaho 401, 406, 775 P.2d 1243, 1248 (Ct.App.1989). To establish a deficiency, the applicant has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Russell*, 118 Idaho at 67, 794 P.2d at 656. To establish prejudice, the applicant must show a reasonable probability that, but for the attor-

ney's deficient performance, the outcome of the trial would have been different. *Aragon,* 114 Idaho at 761, 760 P.2d at 1177; *Russell,* 118 Idaho at 67, 794 P.2d at 656. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law or other shortcomings capable of objective evaluation. *Howard v. State,* 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct.App.1994).

Baker contends that he repeatedly asserted that he was traveling at less than 97 mph and, therefore, his counsel should have investigated the credentials and conclusions of the accident reconstructionist. Counsel in a criminal case has a duty to conduct adequate investigation. *State v. Mathews,* 133 Idaho 300, 307, 986 P.2d 323, 330 (1999). In any ineffectiveness case, a decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgment. *Strickland v. Washington,* 466 U.S. 668, 691, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674, 695 (1984). What investigative decisions are reasonable depends on the defendant's strategic decisions and what information the defendant provides to his or her attorney. *Id.*

We need not address whether Baker's counsel reasonably investigated the circumstances surrounding the accident. Even assuming that Baker's counsel performed deficiently by failing to challenge the accident reconstruction report, Baker has failed to demonstrate that he was prejudiced thereby. In order to satisfy the prejudice requirement for an ineffectiveness of counsel claim where the defendant has pled guilty, the defendant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203, 210 (1985); *Gilpin–Grubb v. State,* 138 Idaho 76, 82, 57 P.3d 787, 793 (2002); *Banuelos v. State,* 127 Idaho 860, 864, 908 P.2d 162, 166 (Ct.App.1995). A defendant's bare assertions or speculation, unsupported by specific facts, do not suffice to prove ineffective assistance of counsel. *Gilpin–Grubb,* 138 Idaho at 82, 57 P.3d at 793.

Baker asserts that, but for his counsel's failure to discover that Baker was possibly traveling at a minimum of 66 mph instead of 97 mph, he would not have pled guilty. At the hearing to enter his plea, Baker testified that he was satisfied with the quality of representation his counsel had provided, that his plea was of his own will and volition, that he did not desire any more discovery, that he had no defenses to the charge against him, and that there was nothing further he wished for his counsel to accomplish. Baker asserted that he wished to plead guilty because he acknowledged full responsibility for the victim's death. On appeal, Baker contends that his representations in that proceeding are not relevant because he made them without knowing that his estimated speed was incorrectly calculated in the accident reconstruction report. Nevertheless, Baker must demonstrate facts in the record, which support his assertion that he would have insisted on going to trial if he had known about the speed estimate error. It is not disputed that Baker had a BAC of .08, had a detectable amount of marijuana in his blood, had been drag racing, was traveling at a speed greatly in excess of the posted 35 mph limit, and lost control of his vehicle. The state alleged that Baker committed vehicular manslaughter either through the commission of a nonfelonious, unlawful act committed with gross negligence or by driving under influence and that Baker's operation of the vehicle was a significant cause contributing to the victim's death. Even if Baker's counsel had discovered that the accident reconstruction estimate of 97 mph was incorrect, in light of the evidence in this case, the information that Baker may have been traveling as little as 66 mph would not have provided the basis for a viable defense to the charge of vehicular manslaughter.

The record in this case is devoid of any specific facts that support Baker's bare assertion that he would not have pled guilty if he had known that the speed estimate was inaccurate. Baker has failed to present an issue of material fact as to whether the outcome of his case would have been different if

his counsel had discovered the calculation error in the original accident reconstruction report. Accordingly, the district court did not err in summarily dismissing Baker's initial application for post-conviction relief.

## B. Successive Application

### 1. Jurisdiction

■ The state argues that this Court lacks jurisdiction to hear Baker's appeal from the district court's order summarily dismissing his successive application for post-conviction relief because Baker failed to timely file a notice of appeal. Within forty-two days of the district court's dismissal of his successive application for post-conviction relief, Baker filed a motion to proceed in forma pauperis and a motion for appointment of counsel on appeal, with affidavits accompanying each motion. The district court granted these motions and counsel was appointed to represent Baker in this appeal. Three months following the district court's dismissal of his successive application, appellate counsel filed an "amended notice of appeal," although no prior notice of appeal had been filed. The state argues that a timely notice of appeal is a jurisdictional prerequisite and, because Baker failed to timely file such a document, we lack appellate jurisdiction. Baker asserts that his motions and affidavits were recognized by the district court as a request for an appeal and that they satisfied the requirement of a timely notice of appeal.

■ Any appeal as a matter of right from the district court may only be made by filing a notice of appeal with the clerk of the district court within forty-two days of the district court's final order. See I.A.R. 14. A notice of appeal must substantially contain certain information. See I.A.R. 17. The failure to timely file a notice of appeal is jurisdictional and causes automatic dismissal of an appeal. I.A.R. 21; *Walton, Inc. v. Jensen*, 132 Idaho 716, 719, 979 P.2d 118, 121 (Ct.App.1999). We are unable to address a challenge made to a determination by the court below unless the notice of appeal is timely. *Walton*, 132 Idaho at 719, 979 P.2d at 121.

In this case, we are not presented with an untimely notice of appeal. Rather, this case presents an interpretation of whether the documents, which were timely filed with the district court, can be construed as the functional equivalent of a notice of appeal. Idaho courts have not yet addressed whether documents, although not denominated as a notice of appeal, can serve the purpose of a notice of appeal, such that filing those documents is sufficient to comply with the requirement that a timely notice of appeal be filed. In *Smith v. Barry*, 502 U.S. 244, 112 S.Ct. 678, 116 L.Ed.2d 678 (1992), the United States Supreme Court addressed whether an appellate brief could be considered adequate as a notice of appeal and, thus, vest a federal court of appeals with jurisdiction. Similar to the Idaho Appellate Rules, the Federal Rules of Appellate Procedure, which require that a timely notice of appeal be filed, are jurisdictional in nature and satisfaction of the requirements of those rules is a prerequisite of federal review. *See Smith*, 502 U.S. at 248, 112 S.Ct. at 682, 116 L.Ed.2d at 685; *Haney v. Mizell Mem'l Hosp.*, 744 F.2d 1467, 1472 (11th Cir.1984). Nevertheless, when a document other than a notice of appeal is filed within the time limit required by the rules and that document gives notice to other parties and the courts of a litigant's intent to appeal, that document can be effective as a notice of appeal. *See Smith*, 502 U.S. at 248–49, 112 S.Ct. at 682, 116 L.Ed.2d at 685.

In *Smith*, a pro se inmate attempted to appeal from the district court's disposition of his civil rights action. The inmate filed a notice of appeal, which was invalid because it was filed while a motion for judgment notwithstanding the verdict was pending. However, the circuit court of appeals responded to the notice of appeal as if it were valid by filing a briefing order. The inmate filed his appellate brief within the time limit for filing a notice of appeal. The circuit court of appeals found that it lacked jurisdiction to hear the appeal because the initial notice of appeal was not valid and the timely brief could not substitute for a notice of appeal. The United States Supreme Court reversed the judgment of the court of appeals, holding that the inmate's brief could substitute for a notice of appeal if it contained required information.

*Smith,* 502 U.S. at 248–50, 112 S.Ct. at 682–83, 116 L.Ed.2d at 685–86. The Court reasoned that, when a litigant files papers that technically are at variance with what the rules require, a court may find that the litigant has complied with the rule if the litigant's action is the functional equivalent of what the rule requires. *Id.* at 248, 112 S.Ct. at 682, 116 L.Ed.2d at 685.

The Ninth Circuit Court of Appeals permits documents which are not denominated as a notice of appeal to serve the function of such a notice when the documents: (1) demonstrate that the party intended to appeal; (2) are served upon the other parties to the litigation; and (3) are filed in court within the time period required by the appellate rule. *See Wilborn v. Escalderon,* 789 F.2d 1328, 1330 (9th Cir.1986); *Rabin v. Cohen,* 570 F.2d 864, 866 (9th Cir.1978). Federal courts have construed a litigant's motion to proceed in forma pauperis as adequate to function as a notice of appeal. *See Wilborn,* 789 F.2d at 1330; *Haney,* 744 F.2d at 1472.

The state urges that we lack jurisdiction because Baker failed to comply with the literal terms of I.A.R. 14(a). The state does not assert that it was injured, prejudiced, or in any way affected by the absence of a document entitled notice of appeal being timely filed in this case. Under I.A.R. 17, a notice of appeal must contain the title of the action or proceeding, the title of the court, the case number, the parties, a statement of the issues, a designation of what documents the appellant requests to be included in the record on appeal, and an expression of whether a transcript is requested. However, according to Rule 17, the notice need only "contain substantially" the listed information.

Baker's affidavit in support of his motion to proceed in forma pauperis indicated that the nature of the action was an "appeal of my second post-conviction relief that was dismissed by the courts of Twin Falls County on the date of September 4, 2003." Both motions and affidavits indicated the parties, the case number, and the court. Thus, although Baker did not timely file a document which was denominated as a notice of appeal, the documents he did file substantially contained the information required under Rule 17.

The district court granted Baker's motion for appointment of counsel on appeal. Baker's appeal was filed and forwarded to the Supreme Court and consolidated with his appeal from the district court's dismissal of his initial application for post-conviction relief. The motions and affidavits filed by Baker were filed within the time limit for filing an appeal and those documents notified the state and the district court of Baker's intent to appeal. The district court's interpretation of Baker's motions and affidavits and the appeal's unhindered progress through the appellate system persuasively demonstrate that those documents, which were timely filed by Baker, contained sufficient information to comply with the requirement that a timely notice of appeal be filed.

Finally, to accept the state's position regarding our jurisdiction in this case would be to exalt form over substance. We conclude that, where a litigant files documents with the court within the time limit required by the rules and those documents give notice to other parties and the courts of a litigant's intent to appeal as required by the rules, those documents can be effective as a notice of appeal. Accordingly, we hold that Baker's action in filing the motions and affidavits was the functional equivalent of filing a notice of appeal. Therefore, we have jurisdiction and will consider the merits of this appeal.

## 2. Summary dismissal of successive application

Baker contends that the district court erred by misconstruing his grounds for relief raised in his successive application for post-conviction relief. Baker asserts that the ineffective assistance of his post-conviction counsel resulted in his grounds for post-conviction relief being inadequately raised in his initial application. Baker argues that, therefore, he presented sufficient reason, which allowed him to bring a successive application for post-conviction relief. Baker also alleges that the district court failed to provide notice of its intent to dismiss, which specified a valid reason for dismissal with sufficient specificity. Baker argues that he raised issues of material fact and that his

successive application should not have been summarily dismissed.

### a. basis for dismissal

Baker argues that counsel who represented him on his initial application for post-conviction relief provided ineffective assistance because counsel failed to submit a statement, made by the driver who Baker had been racing, as factual evidence to support Baker's application. The district court summarily dismissed Baker's successive application, finding that ineffective assistance of post-conviction counsel is not a basis for post-conviction relief.

▮▮▮ The Uniform Post–Conviction Procedure Act (UPCPA) is designed to deal with collateral attacks upon allegedly improper convictions and sentences, not collateral attacks upon other post-conviction proceedings. *Wolfe v. State*, 113 Idaho 337, 339, 743 P.2d 990, 992 (Ct.App.1987). Ineffective assistance of counsel in post-conviction proceedings is not among the permissible grounds for filing another post-conviction relief application. *Id.* All grounds for relief available to an applicant under the UPCPA must be raised in an applicant's original, supplemental, or amended application. I.C. § 19–4908. The language of Section 19–4908 prohibits successive applications in those cases where the applicant "knowingly, voluntarily and intelligently" waived the grounds for relief sought in the successive application or offers no "sufficient reason" for omitting those grounds in the original application. *See Palmer v. Dermitt*, 102 Idaho 591, 593, 635 P.2d 955, 957 (1981). However, Section 19–4908 allows an applicant to raise a ground for relief, which was addressed in a former application, if he or she can demonstrate sufficient reason why that ground was inadequately raised or presented in the initial post-conviction action. *See Hernandez v. State*, 133 Idaho 794, 798, 992 P.2d 789, 793 (Ct.App.1999). An allegation that a claim was not adequately presented in the first post-conviction action due to the ineffective assistance of prior post-conviction counsel, if true, provides sufficient reason for permitting issues that were inadequately presented to be presented in a subsequent application

for post-conviction relief. *Hernandez*, 133 Idaho at 798, 992 P.2d at 793.

▮▮▮ Baker was entitled to raise ineffective assistance of post-conviction counsel in a successive application in order to demonstrate that his grounds for relief were inadequately raised in his initial application. Accordingly, the district court erred when it dismissed Baker's successive application without considering whether the alleged ineffective assistance of post-conviction counsel provided a sufficient reason to allow Baker to bring a successive application.

▮▮▮ Although the district court erred by summarily dismissing Baker's successive application without considering his allegation that ineffective assistance of post-conviction counsel resulted in Baker's grounds for relief being inadequately presented in his initial application, an appellate court may affirm a lower court's decision on a legal theory different from the one applied by that court. *See Matter of Estate of Bagley*, 117 Idaho 1091, 1093, 793 P.2d 1263, 1265 (Ct.App. 1990). Therefore, we will address whether Baker has presented sufficient reason to again raise grounds for relief raised in his initial application.

### b. sufficiency of notice

▮▮▮ As an initial matter, we address Baker's contention that the district court erred by summarily dismissing his successive application without adequately indicating the reason for dismissal in its notice of intent to dismiss. A district court may dismiss an application for post-conviction relief sua sponte when it is satisfied that the applicant is not entitled to relief. Idaho Code Section 19–4906(b) provides, in pertinent part:

> When a court is satisfied, on the basis of the application, the answer or motion, and the record, that the applicant is not entitled to post-conviction relief and no purpose would be served by any further proceedings, it may indicate to the parties its intention to dismiss the application and its reasons for so doing.

▮▮▮ The district court must provide the applicant with adequate notice of the reasons for its contemplated dismissal; however, sim-

ply echoing the language of Section 19–4906(b) is insufficient to provide such notice. *Downing v. State*, 132 Idaho 861, 863–64, 979 P.2d 1219, 1221–22 (Ct.App.1999). To meet the "reasons" requirement of Section 19–4906(b), the court must be specific in indicating the reasons for its proposed dismissal. *See Banks v. State*, 123 Idaho 953, 954, 855 P.2d 38, 39 (1993).

▇▇ In the instant case, Baker alleged that his prior post-conviction counsel performed ineffectively by failing to provide a witness statement made by the driver of the vehicle, which Baker had been racing prior to his accident, to support the claims raised in Baker's initial application for post-conviction relief. The other driver's statement, which Baker attached to his successive application for post-conviction relief, contained that driver's account of the events leading up to the accident. The district court's second notice of intent to dismiss proposed to dismiss Baker's successive application because Baker claimed ineffective assistance of post-conviction counsel, which it concluded was not a proper ground for post-conviction relief. Additionally, the district court found that, "even if such irrelevant information [as was contained in the other driver's statement] had been presented to this court, [Baker's] previous [application] would still have been denied in its entirety." Baker contends that the district court's reason for dismissing based on ineffective assistance of post-conviction counsel was erroneous and that the district court's other finding failed to indicate an alternate reason for dismissal with sufficient specificity. We agree.

▇▇ However, the district court's error does not require reversal if that error was harmless. An application for post-conviction relief is subject to the Idaho Rules of Civil Procedure. I.C.R. 57(b). Harmless error is defined by I.R.C.P. 61, which provides in relevant part:

No error ... or defect in any ruling or order ... by the court ... is ground for ... vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

▇▇ The opportunity for an applicant to adequately and appropriately respond to the district court's notice, in order to avoid summary dismissal and have the merits of his or her application considered at an evidentiary hearing, is a substantial right. *Downing*, 132 Idaho at 864, 979 P.2d at 1222. When that right is affected by a defective notice of proposed dismissal, this Court cannot disregard the error. *Id.* In *Downing*, this Court concluded that the harm resulting from a deficient notice of intent to dismiss was not harmless because that notice merely recited Section 19–4906(b), the applicant was forced to respond without having any knowledge of the district court's intended grounds for dismissal, and thus, the applicant was forced to "shoot at an invisible target." *Downing*, 132 Idaho at 864, 979 P.2d at 1222.

In this case, although the district court's notice of intent to dismiss failed to provide a valid reason for dismissal with the requisite specificity, the district court did more than merely recite the statute's language. Instead, the district court found that the other driver's statement was irrelevant because it would not have altered the district court's disposition of Baker's initial application. The district court's order summarily dismissing Baker's *initial* application for post-conviction relief addressed the district court's grounds for dismissal in detail. In Baker's response to the district court's notice of intent to dismiss his successive application, Baker argued that the existence and content of the other driver's statement was relevant to whether Baker would have pled guilty if he had been provided with that statement and knew about the speed estimate error. Baker also contended that the statement was relevant to whether the district court would have imposed the maximum sentence allowed by law if the district court had been provided with that statement.

Baker's response to the district court's notice of intent to dismiss demonstrates that he interpreted the district court's notice to indicate that the other driver's statement did not

alter the reasons for dismissal, already stated in the district court's order dismissing Baker's initial application. Accordingly, unlike the applicant in *Downing,* Baker was not left with an "invisible target" and was able to respond in a meaningful way to the district court's notice of intent to dismiss. We conclude that the district court's error in providing an insufficient notice of its intent to dismiss was harmless and, therefore, no remand is required in this case.

### c. merits of successive application

■ We will now address whether Baker's successive application for post-conviction relief presented an issue of material fact as to whether the outcome of his case would have been different if Baker had been provided with the statement made by the driver whom Baker had been racing prior to the accident. In Baker's initial application for post-conviction relief, he asserted that his trial counsel performed deficiently by failing to discover the other driver's statement. Baker similarly alleged that the failure to disclose that statement was in violation of the prosecutor's duty to disclose material and exculpatory evidence. Baker contended that the other driver could have corroborated Baker's version of events. Baker alleged that, if he had known about the report and the speed estimate error, he would not have pled guilty. Baker also asserted that if the information contained in the other driver's statement had been provided to the district court, it would not have imposed the maximum sentence on Baker. In summarily dismissing Baker's initial application for post-conviction relief, the district court found that Baker's claims regarding the other driver's statement were mere conclusory allegations because no such statement had ever been found to exist. Baker argues that, if his original post-conviction counsel had submitted the other driver's statement, Baker's initial application would not have been summarily dismissed.

■ Baker asserts that the other driver's statement corroborated Baker's allegation that "he was not driving as fast and recklessly as accused at the time this accident occurred." Baker relies on *State v. Gardner,*

126 Idaho 428, 885 P.2d 1144 (Ct.App.1994) to support his claims. In *Gardner,* this Court concluded that the defendant's plea of guilty to vehicular manslaughter was invalid because it was made prior to the disclosure of a statement made by an accident witness. The witness' statement in that case was exculpatory because the witness could testify that the accident was caused when the defendant's front tire blew out, rather than by the defendant's actions. Evidence is exculpatory if it tends to clear an accused of alleged guilt, excuses the actions of the accused, or tends to reduce punishment. *Id.* at 433, 885 P.2d at 1149.

To be guilty of vehicular manslaughter, the state needed to show that Baker operated his vehicle while intoxicated or during the commission of a nonfelonious offense with gross negligence and that the operation of his vehicle was a significant cause of the victim's death. Baker was driving with a BAC of .08 and was traveling at a speed significantly in excess of the posted limit of 35 mph. According to the statement, the other driver indicated that he and Baker had finished racing prior to the accident, were proceeding down the road at a slower speed, and were engaged in a friendly conversation. The other driver indicated that this conversation ended when Baker patted the dash of his vehicle, stated "I have a 350 in this," accelerated to a high rate of speed, changed lanes directly in front of the other driver in an attempt to pass a third car, and then began to fishtail.

Information which suggests that Baker was no longer racing at the time he lost control of his vehicle and, instead, was traveling at an excessive speed to exhibit the capabilities of his motor to his opponent following the race does not tend to clear Baker of alleged guilt, excuse his actions, or reduce punishment. Even if the other driver's statement had been presented to the district court to support Baker's initial application for post-conviction relief, Baker would have still failed to present an issue of material fact. Accordingly, Baker has failed to demonstrate that the district court's summary dismissal of his successive application was in error.

## IV.

## CONCLUSION

In his initial application for post-conviction relief, Baker failed to establish an issue of material fact with regard to the effectiveness of his trial counsel. Therefore, the district court did not err in summarily dismissing Baker's initial application. The district court erred when it failed to consider Baker's allegation that his initial post-conviction counsel's ineffective assistance resulted in Baker's grounds for relief being inadequately raised in his initial application for post-conviction relief. Nonetheless, we conclude that Baker has failed to establish sufficient reason, which would allow him to bring a successive application. The district court also erred by failing to provide a valid reason for dismissal with sufficient specificity in its notice of intent to dismiss Baker's successive application. We conclude, however, that the district court's error in providing insufficient notice of its intent to dismiss was harmless. Accordingly, the orders of the district court summarily dismissing Baker's initial and successive applications for post-conviction relief are affirmed. No costs or attorney fees are awarded on appeal.

Judge LANSING and Judge GUTIERREZ concur.