**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**
**Docket No. 38598**

| | | |
|---|---|---|
| DEBBIE MACIAS, | ) | 2012 Unpublished Opinion No. 442 |
| | ) | |
| Plaintiff-Appellant, | ) | Filed: April 11, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| CLUB, INC., | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Darren B. Simpson, District Judge.

Judgment dismissing complaint, <u>vacated</u> and <u>case</u> <u>remanded</u>.

Debbie Macias, Roberts, pro se appellant.

Elam & Burke, P.A.; Jeffrey A. Thomson, Boise, for respondent.
_____

PERRY, Judge Pro Tem

Debbie Macias appeals from the district court's judgment dismissing without prejudice her wrongful death and survivor action complaint. For the reason set forth below, we reverse and remand.

## I.

## FACTS AND PROCEDURE

On July 28, 2009, Macias attempted to file a complaint against Club, Inc. (Club) alleging wrongful death and survivor causes of action, arising from the death of her adult daughter on or about January 20, 2008, while her daughter was living at a facility for which certain services are provided by Club. The clerk of the district court refused to file the complaint, apparently because Macias did not pay the requisite filing fee, and Macias filed a motion to proceed in forma pauperis. On September 10, 2009, the district court denied Macias's motion to proceed in forma pauperis due to her failure to file an accompanying affidavit.

On or about January 20, 2010, the two-year statute of limitations applicable to wrongful death and survivor causes of actions ran. On May 4, Macias filed a "motion to reopen," along

1

with an affidavit in support, asking the district court to reverse its September 2009 order denying her motion to proceed in forma pauperis. On May 20, the district court granted the motion to proceed in forma pauperis, waiving the filing fee and directing officers of the court to "issue and serve all process, payment for which shall be out of the district court fund . . . ."

On December 9, 2010, the district court entered a notice of intent to dismiss for failure to serve the summons and complaint within six months of the filing of the complaint. Six days later Macias's complaint was filed and a summons issued. On December 30, the district court entered an order of dismissal of Macias's complaint for failure to serve within six months.

On January 18, 2011, Macias filed a motion and affidavit to proceed in forma pauperis on appeal, and on January 26, 2011, the clerk of the district court received Macias's notice of appeal. The notice of appeal was not filed until February 24, after the district court entered an order waiving appellate filing fees. Macias now appeals the judgment dismissing her complaint for failure to serve process within six months.

## II.

## ANALYSIS

Macias contends the district court erred in dismissing her complaint pursuant to Idaho Rule of Civil Procedure 4(a)(2) for failure to serve the summons and complaint within six months after the complaint was filed because she had relied on the applicable statute and the district court's May 2010 order directing court officers to "issue and serve all process." Club concedes the district court erred in dismissing the complaint on this ground because the complaint had not been filed by May 2010; however, it contends the district court's dismissal of the complaint should be upheld on the alternate ground that Macias's complaint was not filed until after the statute of limitations had run. Club also contends this Court does not have jurisdiction to consider the appeal because the appeal was untimely and/or there was no final, appealable judgment.

We first address Club's contention that Macias's appeal is untimely. Pursuant to Idaho Appellate Rule 14(a), an appeal from the district court must be filed within forty-two days "from the date evidenced by the filing stamp of the clerk of the court on any judgment or order of the district court . . . ." Pursuant to Idaho Rule of Civil Procedure 54(a), a "judgment" means a "separate document entitled 'Judgment' or 'Decree.'" The rule further provides:

2

A judgment shall state the relief to which a party is entitled on one or more claims for relief in the action. Such relief can include dismissal with or without prejudice. A judgment shall not contain a recital of pleadings, the report of a master, the record of prior proceedings, the court's legal reasoning, findings of fact or conclusions of law. A judgment is final if either it has been certified as final . . . or judgment has been entered on all claims for relief except costs and fees, asserted by or against all parties in the action.

I.R.C.P. 54(a).

As Club points out, although the record is somewhat unclear as to the document Macias appealed from, the latest document, the district court's "Order of Dismissal Without Prejudice," was issued on December 30, 2010. Since Macias's notice of appeal was not filed until February 24, 2011, Club asserts that if the order of dismissal constitutes a final judgment, the appeal was untimely. In the alternative, Club contends that if the order of dismissal is not a final judgment, the appeal should be dismissed as premature unless cured by the entry of a judgment.

Numerous times since the Supreme Court's adoption of Idaho Rule of Civil Procedure 54(a), this Court has remanded for entry of a final order where the district court failed to comply with the rule. We did so in this case, issuing an order of temporary remand on February 21, 2012, and a document entitled "Judgment," file-stamped in the district court March 7, 2012, was augmented into the record on appeal. Thus, as Club conceded could be done, the "premature" appeal was cured by the entry of the judgment, and we conclude the appeal is now properly before this Court.

Turning to the merits of the appeal, Club has conceded that the district court erred in dismissing Macias's complaint for failure to serve within six months of filing pursuant to Idaho Rule of Civil Procedure 4(a)(2). As Club points out, in dismissing the action for failure to serve the complaint, the district court relied on the belief that the complaint was filed on July 28, 2009, stating as much in its memorandum regarding the dismissal of the case that was issued on December 30, 2010. Basing its analysis on the July 2009 date, the district court noted, "It has been approximately 519 days (1 year, 5 months, 1 day) since the complaint was filed in this matter and approximately 223 days (7 months, 9 days) since the Court issued its order of retention."

However, although Macias *attempted* to file the complaint on July 28, 2009, she did not pay the requisite fees and instead requested to proceed in forma pauperis. On September 10, 2009, the district court denied her request to proceed in forma pauperis because she had not

included an affidavit as required pursuant to statute. The court also stated that "the Complaint is *not deemed to be filed* in this matter and shall not be filed until this Court approves the Motion to [P]roceed In Forma Pauperis upon a proper affidavit being filed or by the payment of the filing fee required in this matter." (Emphasis added).[1] The record indicates it was not until December 15, 2010, that Macias's complaint was actually filed--only fifteen days before the district court dismissed for failure to serve the complaint.

Accordingly, we conclude the district court erred in dismissing the claim for failure to serve the summons and complaint within the requisite time period. We reverse the judgment and remand the case for proceedings consistent with this opinion.[2]

Chief Judge GRATTON **CONCURS.**

Judge LANSING, **SPECIALLY CONCURRING**

I concur in the foregoing opinion. I write separately only to point out that even if this Court had not ordered a temporary remand for entry of a final judgment complying with Idaho Rule of Civil Procedure 54(a), which is a procedure that we have routinely used since the July 1, 2010, amendment to that rule, Macias's appeal would still be timely. That is, if we were to treat the district court's December 30, 2010, order of dismissal as a final judgment, Macias took all the action she needed to take in order to effectuate a timely appeal from that order. On January 18, 2011, she filed in the district court a motion and affidavit requesting a waiver of the appellate filing fee, and on January 26, she submitted her notice of appeal to the district court. Her notice of appeal was not actually filed within the forty-two-day time limit of Idaho Appellate Rule 14(a) only because the district court took more than five weeks to act on Macias's motion for the fee waiver. Under these circumstances, the notice of appeal was timely from the

---

[1] This is consistent with Idaho Rule of Civil Procedure 10(a)(6), which provides that the requisite filing fee "must be paid before the filing of a pleading or motion listed in the filing fee schedule."

[2] Club contends that although the district court erred in dismissing Macias's claim for failure to serve the summons and complaint, the dismissal may nevertheless be upheld on the alternate ground that the complaint is barred by the statute of limitations. Although it may be correct that the death and survivor causes of action are time barred, this issue was not raised below and we will not address it for the first time on appeal. *See Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991).

December 30, 2010, order. *See Baker v. State*, 142 Idaho 411, 418-19, 128 P.3d 948, 955-56 (Ct. App. 2005).