**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50483**

| | |
|---|---|
| MELONIE DAWN SMITH, | ) |
| | ) **Filed: October 31, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| STATE OF IDAHO, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County. Hon. Darren B. Simpson, District Judge.

Judgment summarily dismissing amended petition for post-conviction relief, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Chief Judge

Melonie Dawn Smith appeals from the district court's order summarily dismissing her amended petition for post-conviction relief. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In February 2017, Guy Lopez reported to the Bingham County Sheriff's Office that his friend, Smith, had confessed to killing David Davis. Smith told Lopez that a man named Kevin Day shot Davis in the legs outside her home, after which Davis entered her house and she shot Davis in the head to stop his suffering. Smith then asked Lopez to help her dispose of the body and burn the evidence. Lopez, who had just come from Smith's home, described seeing Davis's body wrapped in plastic, and brain matter, blood, and bones scattered in the home. Later that night, officers approached Smith's home, where she initially refused entry without a warrant. However,

1

after some discussion and observing potential evidence inside, officers secured the home and obtained a search warrant. Upon executing the search warrant, the officers found Davis's body as described by Lopez. Smith was charged with first degree murder and destruction of evidence. She moved to suppress the evidence and argued that the search was unconstitutional. The district court denied her motion, citing exigent circumstances and the inevitability of discovery.

At trial, the State sought to introduce Exhibit 4 into evidence, which contained Sergeant Phillips' body camera footage depicting Smith's repeated refusals to allow officers into her home. Smith's attorney objected, stating he expected Lopez would testify before the exhibit was admitted because the officers' claim to Smith that "We have information out here that someone needs medical assistance" stemmed from Lopez's statements. Smith's counsel explained Smith thought the police officers were exaggerating because that is not what Lopez said. Thus, Smith's attorney lodged a conditional objection, arguing there may not be sufficient foundation for the video if Lopez does not testify first. The district court overruled the objection, provided that the State lay the proper foundation for its admission. Later, when the State moved to admit Exhibit 4 during Sergeant Phillips' testimony, the district court found sufficient foundation had been laid and admitted Exhibit 4. The prosecutor also moved to introduce Exhibit 7 (containing the video from Sergeant Phillips' dashboard camera) during Sergeant Phillips' testimony. Exhibit 7 was admitted without objection and revealed the same conversation as Exhibit 4.

Also at trial, Smith's mother, Bettie Duke (Duke), who was at the house when officers entered, testified that she did not remember telling her other daughter and grandson, Kellie and Jeremy Leslie (the Leslies), that Smith said she shot Davis. The district court allowed the Leslies to testify over Smith's hearsay objections. Kellie Leslie testified that Duke said Smith had shot Davis in the head. Jeremy Leslie testified that Duke stated somebody had been killed in their house and that she did not see anything but had heard the gunshots. During closing arguments, the State argued that the testimony of the Leslies was substantive evidence that Duke told them that Smith had shot Davis in the head, although the testimony had been admitted as impeachment evidence, not for the truth of the matter asserted. Smith's counsel did not object to the prosecutor's characterization of the testimony. Smith was found guilty of first degree murder, Idaho Code §§ 18-4001, -4002, and -4003; and destruction, alteration, or concealment of evidence, I.C. § 18-2603, and was sentenced to life in prison.

2

On direct appeal, this Court affirmed the district court's judgment of conviction, and the Idaho Supreme Court granted review. *State v. Smith*, 168 Idaho 463, 471, 483 P.3d 1006, 1014 (2021). On review, the Idaho Supreme Court affirmed the district court's denial of Smith's motion to suppress evidence based on the officer's warrantless entry into her house because such entry was justified: (1) to prevent the imminent destruction of evidence, (2) as a protective sweep of the residence, and (3) under the inevitable discovery doctrine. *Id.* at 472-476, 483 P.3d at 1015-1019. The Idaho Supreme Court affirmed the district court's decision overruling the hearsay objections of Smith's trial counsel and also held that "Smith has waived any argument stemming from the prosecutor's comments during closing argument related to the Leslies' testimony." *Id.* at 477, 483 P.3d at 1020. Next, the Idaho Supreme Court held that Smith met only the first of three criteria required to show fundamental error in regard to her claim that "the admission of Exhibit 4 and the prosecutor's closing argument impermissibly commented on Smith's invocation of her Fourth Amendment rights." *Id.* at 478, 483 P.3d at 1021. After rejecting Smith's "cumulative error" argument, the Idaho Supreme Court affirmed her judgment of conviction. *Id.* at 482, 483 P.3d at 1025.

Smith filed a pro se petition for post-conviction relief raising claims of ineffective assistance of trial counsel, prosecutorial misconduct, and police misconduct. At Smith's request, the district court appointed counsel to represent her. Smith's attorney filed an amended petition for post-conviction relief with a supporting affidavit. The State moved to summarily dismiss Smith's amended petition. After a hearing, the district court granted the State's motion for summary dismissal. Smith appeals.

## II.

## STANDARD OF REVIEW

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

# III.

## ANALYSIS

Smith contends that the district court erred in summarily dismissing several of her claims. First, she asserts that the district court erred when it summarily dismissed her ineffective assistance of counsel claims based on trial counsel's failure to object to Exhibits 4 and 7 and to the State's improper closing argument. Second, Smith asserts that the district court erred when it summarily dismissed her ineffective assistance and prosecutorial misconduct claims based on the State's improper closing argument comments regarding the Leslies' testimony. She argues the court dismissed the prosecutorial misconduct claim on grounds not argued by the State and without providing twenty-days' notice. Third, Smith asserts that the district court erred when it summarily dismissed her police misconduct claim based on law enforcement's failure to preserve the scene of the crime because she did not forfeit the claim, and she raised a genuine issue of material fact on the merits.

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, as the trier of fact, the district court is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé*

4

*v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). A genuine issue of material fact exists when the appellant has alleged facts in his petition that if true, would entitle him to relief. *Stanfield v. State*, 165 Idaho 889, 894, 454 P.3d 531, 536 (2019). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the applicant's evidence because the court is not required to accept either mere conclusory allegations, unsupported by admissible evidence, or conclusions of law. *State v. Yakovac*, 145 Idaho 437, 444, 180 P.3d 476, 483 (2008); *see also Roman*, 125 Idaho at 647, 873 P.2d at 901.

## A.     Ineffective Assistance of Counsel

In her post-conviction petition, Smith challenges the dismissal of her claim that trial counsel was deficient for failing to object to Exhibits 4 and 7 in which she invoked her Fourth Amendment right with respect to searching her home and to the State's closing argument referencing those exhibits. Further, Smith argues that her counsel was deficient for failing to object to the State's closing argument regarding the testimony of the Leslies about what Duke told them. Smith argues she was prejudiced by counsel's deficient performance. The State contends Smith failed to support her claim with admissible evidence or allege facts demonstrating either deficient performance or prejudice.

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient, and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. A reasonable probability of a different outcome is a probability sufficient

5

to undermine confidence in the outcome. *State v. Dunlap*, 155 Idaho 345, 383, 313 P.3d 1, 39 (2013). This "requires a substantial, not just conceivable, likelihood of a different result." *Id*. (internal quotations removed).

### 1. Failure to object to admission of exhibits 4 and 7 and State's argument

Smith argues the district court erred in the dismissal of her claim that trial counsel was deficient for not objecting to Exhibits 4 and 7 on other than foundational grounds and to the State's closing argument referencing those exhibits. Specifically, she contends the decision not to object by trial counsel was not tactical.

Tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Yakovac*, 145 Idaho at 444, 180 P.3d at 483; *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011). Because "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight," a petitioner seeking post-conviction relief for a claim of ineffective assistance of trial counsel must overcome the strong presumption that counsel made all significant decisions in the exercise of reasonable professional judgment. *Strickland*, 466 U.S. at 689-90; *State v. Abdullah*, 158 Idaho 386, 418, 348 P.3d 1, 33 (2015). "[S]trategic decisions are virtually unchallengeable if made after a thorough investigation of law and facts relevant to plausible options. Decisions made after less than complete investigation are still reasonable to the extent reasonable professional judgments support the limitations on investigation." *Abdullah*, 158 Idaho at 418, 348 P.3d at 33 (internal citation and quotations omitted). The constitutional requirement for effective assistance of counsel is not the key to the prison for a defendant who can dredge up a long series of examples of how the case might have been tried better. *Ivey v. State*, 123 Idaho 77, 80, 844 P.2d 706, 709 (1992); *Thomas v. State*, 145 Idaho 765, 770, 185 P.3d 921, 926 (Ct. App. 2008).

On Smith's direct appeal, the Idaho Supreme Court held that Smith failed to show that the nature of trial counsel's objection to the admission to Exhibit 4 was not tactical. *Smith*, 168 Idaho at 481, 483 P.3d at 1024. Smith argued on direct appeal that there was a fundamental error regarding the admission to Exhibit 4. The Idaho Supreme Court held:

> The second prong of *Perry* requires "the error must be clear or obvious, without the need for any additional information not contained in the appellate record, including information as to whether the failure to object was a tactical

6

decision." *State v. Miller*, 165 Idaho 115, 119, 443 P.3d 129, 133 (2019). To satisfy this prong of *Perry*, a defendant bears the burden of showing clear error in the record. *Id*. This means the record must contain evidence of the error and the record must also contain evidence on whether trial counsel made a tactical decision in failing to object. If the record lacks evidence on whether counsel's decision was strategic, the claim is factual in nature and thus more appropriately addressed via a petition for post-conviction relief. *Id*. "Appellate counsel's opinion that the decision could not have been tactical does not satisfy the second prong of *Perry*." *Miller*, 165 Idaho at 119, 443 P.3d at 133. Smith failed to show that her attorney's failure to object to either the admission of Exhibit 4 or the prosecutor's closing argument was not a tactical decision. Thus, Smith has failed to satisfy the second prong of the fundamental error test.

*Id*.

The district court held that Smith's claim presented no genuine issue of material fact and granted the State's motion for summary dismissal, explaining that there "is a strong presumption that trial counsel's performance falls within the wide range of 'professional assistance,'" and that "tactical or strategic decisions of trial counsel will not be second guessed unless those decisions are based on inadequate preparation, ignorance of relevant law or other shortcomings capable of objective evaluation" (quoting *Yon v. State*, 124 Idaho 821, 823, 864 P.2d 659, 661 (Ct. App. 1993)). The district court held that Smith's claim was simply too bare and conclusory to survive the State's summary dismissal motion:

In her Amended Petition, Smith devotes a single paragraph to her position that Mr. Archibald's failure to object to Exhibits 4 and 7 constituted ineffective assistance of counsel. In her Objection to Summary Dismissal, Smith does not discuss the issue in anything other than broad terms. She offers no evidence, such as a declaration or affidavit from Mr. Archibald, addressing Mr. Archibald's reasoning (or oversight, as the case might have been) for agreeing to the admission of Exhibits 4 (with proper foundation) and 7. Mr. Archibald, being an experienced and effective trial attorney in criminal cases, cannot be assumed to have ignored the Fourth Amendment issue altogether, or to have no reason for his peripheral objection to Exhibit 4 and his lack of objection to Exhibit 7.

Smith's Amended Petition must present, or be accompanied by, admissible evidence supporting her allegations, or her application will be subject to dismissal. Smith's bare allegations that Mr. Archibald's treatment of Exhibits 4 and 7 resulted from inadequate preparation, ignorance of the law, or other shortcoming, without more, fail to raise a material issue of fact and shall be summarily dismissed.

In support of her amended petition for post-conviction relief, Smith presented no additional evidence than what she presented on direct appeal to the Idaho Supreme Court. Smith claims the district court erred in requiring her, at the summary dismissal stage, to submit an affidavit of

counsel. However, the district court did not require such an affidavit but merely pointed out that Smith had provided no evidence that counsel's decision not to object was not tactical beyond that in the record reviewed by the Supreme Court. Under the circumstances, providing evidence that trial counsel's decision was not tactical was necessary because, as the Supreme Court noted, there was evidence that counsel's decision was indeed tactical. The Supreme Court recounted that "counsel simply wanted the State to call Lopez before playing the video because he thought 'the police officers [were] exaggerating' what Lopez told them when the officer's told Smith '[w]e have information out here that someone needs medical assistance.'" *Smith*, 168 Idaho at 481, 483 P.3d at 1024. The Supreme Court held that "Smith failed to show that her attorney's failure to object to either the admission of Exhibit 4 or the prosecutor's closing argument was not a tactical decision." *Id*. The district court held the same conclusion applies equally to Exhibit 7.

As the district court concluded, Smith's claim is bare and devoid of any admissible evidence that would support her claim. Because Smith has not presented any evidence that differs from what was argued to the Idaho Supreme Court on direct appeal and, as a result, she has failed to show that her trial counsel's performance with regard to Exhibits 4 and 7 was not tactical. Additionally, Smith has failed to provide any evidence that even if trial counsel's decision was tactical, such decision resulted from shortcomings capable of objective review. Therefore, Smith has failed to meet her burden of demonstrating error in the district court's determination that she failed to present a genuine issue of material fact on the deficient performance prong of *Strickland*.

2. **Failure to object to the State's closing argument regarding the Leslies' testimony**

Smith claimed her trial counsel was deficient for failing to object to the State's closing argument regarding the testimony of the Leslies. Specifically, she contends that during the State's argument, the State did not clarify the Leslies' statements regarding Duke's testimony were used for impeachment and not for the truth of the matter asserted. Smith contends in her amended petition: "Because there was no objection, the Idaho Supreme Court did not find the matter was preserved on appeal. However, this failure was prejudicial to Ms. Smith as the closing argument was misleading. . . . Trial Counsel could have requested a limiting instruction regarding the Leslies' testimonies."

Regarding Smith's amended post-conviction petition, the district court found:

> Even if [trial counsel's] performance fell below an objective standard of reasonableness, the Record does not support a finding that, but for [trial counsel's]

(alleged) error, the result of the trial would have been different. Had Mr. Archibald objected to the State's closing statement (regarding Duke's statement to the Leslies that Smith shot David Davis in the head), and had such objection been sustained, the comment stricken from the Record, and the jury instructed not to consider it, a number of other witnesses offered the same fact into evidence: Smith told them she shot David Davis.

The district court then summarized the testimony of four witnesses to whom Smith admitted that she killed Davis. The district court further noted that "Ms. Duke did not deny her own testimony at Smith's preliminary hearing that after Ms. Duke heard a loud boom in the residence she shared with Smith, Smith came into Ms. Duke's bedroom and said, 'We put the son of a bitch out of his misery.'"

Even if Smith was able to show that trial counsel's lack of objection to the prosecutor's closing argument was deficient, Smith failed to allege a genuine issue of material fact on the prejudice prong of the *Strickland* test. Excluding Duke's statements to the Leslies and the State's closing argument would not change the fact that Smith said she shot Davis. Even if Smith's trial counsel objected to the closing argument, the evidence submitted to the jury that Smith said she killed Davis was abundant. As discussed above, the district court summarized the four people who testified regarding conversations with Smith:

> Kevin Day, who admitted to shooting David Davis in the legs on the night of David Davis' death, testified that the following evening, Smith called him. According to Mr. Day, Smith relayed that "she finished what [Mr. Day] started" and that David Davis "doesn't have a head." In its closing argument, the State reminded the jury about Smith's statement to Mr. Day about "finishing the job."
> Kelly Black, a friend of Mr. Day's and an acquaintance of Smith's, testified that Smith came over to the place where Mr. Black was staying, sometime after David Davis' murder, and stated that she [Smith] shot David Davis. The State, in its closing, reminded the jury about this portion of Mr. Black's testimony.
> Carlos Gonzalez, a friend of Smith's, testified that [he] saw Smith in February of 2017, at a gas station in Fort Hall, Idaho. Smith told Mr. Gonzalez that she needed help cleaning up a body at her house because she shot somebody. The State, in its closing, reminded the jury about this portion of Mr. Gonzalez' testimony.
> Guy Lopez, an acquaintance of Smith's, testified that on February 11, 2017, Smith called him and requested some help. Smith came to the residence where Mr. Lopez was staying and picked Mr. Lopez up. As they drove to Smith's residence, Smith told Mr. Lopez that she killed David Davis.

On appeal, Smith claims that these witnesses had credibility problems that the Leslies did not have. First, their credibility was, as noted by Smith, pointed out to the jury. Second, Smith only attacks the witnesses' credibility by virtue of their character, not their testimony. Third, Smith overlooks

even Duke's testimony that Smith killed Davis.[1]  The district court did not err in summarily dismissing Smith's amended claims regarding counsel's failure to object to the evidence and argument regarding the Leslies.

**B.      Prosecutorial Misconduct**

Smith argues the district court erred in dismissing her prosecutorial misconduct claim regarding closing argument as to the Leslies' testimony without first providing Smith with twenty-days' notice of the basis for the proposed dismissal, as required by I.C. § 19-4906.  Specifically, Smith contends the district court was required to provide her with notice because it dismissed the claim on grounds not argued by the State in its motion for summary dismissal.  The State argues that even if the district court erred by not providing Smith with twenty-days' notice, the district court's decision to dismiss was harmless.

"Where the state has filed a motion for summary disposition, but the [trial] court dismisses the application on grounds different from those asserted in the state's motion, it does so on its own initiative and the court must provide twenty days notice."  *Marsalis v. State*, 166 Idaho 334, 350, 458 P.3d 203, 219 (2020) (quoting *Saykhamchone v. State*, 127 Idaho 319, 322, 900 P.2d 795, 798 (1995)).  "When a trial court summarily dismisses an application for post-conviction relief based *in part* on the arguments presented by the State, this is sufficient to meet the notice requirements."  *Marsalis*, 166 Idaho at 350, 458 P.3d at 219 (quoting *Kelly*, 149 Idaho at 523, 236 P.3d at 1283).

Smith argues the district court did not expressly address whether Smith had established her claimed due process violation.  The State argued in its motion that Smith had not established any due process violation or violation of her constitutional rights.  The district court did not expressly address whether Smith raised a genuine issue of material fact regarding the alleged due process violation.  Instead, after discussing the general prohibition against raising issues in post-conviction that could have been raised on direct appeal, the district court determined that on direct appeal, Smith waived her prosecutorial misconduct claim with respect to the Leslies' statements because she could have raised the claim on appeal and did not.  The district court also determined that Smith had raised prosecutorial misconduct issues through her ineffective assistance of counsel claims against trial counsel for failing to object to the misconduct.  The court determined, "[t]he

---

[1]      Smith also claims that counsel should have requested a limiting instruction.  Regardless of whether the deficiency of counsel was the failure to object to the State's argument or request a limiting instruction, Smith has failed to raise a genuine issue as to prejudice.

10

same arguments, under the label of prosecutorial misconduct are duplicative, and improper, and shall not be given further consideration."

Although the disparity between the State's grounds for seeking summary dismissal and the district court's basis for granting it would normally require remanding the claim to the district court for it to either provide adequate notice or conduct an evidentiary hearing, remand is not required in this case because any such error is harmless. As explained in *Baker v. State*, 142 Idaho 411, 421, 128 P.3d 948, 958 (Ct. App. 2005):

> However, the district court's error does not require reversal if that error was harmless. An application for post-conviction relief is subject to the Idaho Rules of Civil Procedure. I.C.R. 57(b). Harmless error is defined by I.R.C.P. 61, which provides in relevant part:
>> No error . . . or defect in any ruling or order . . . by the court . . . is ground for . . . vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

The civil standard on appeal places the burden on the appellant to show prejudice. *Leliefeld v. Johnson*, 104 Idaho 357, 369, 659 P.2d 111, 123 (1983).

As indicated in the district court's decision, the Idaho Supreme Court has already ruled the precise claim Smith now raises in her direct appeal was waived. The Court held: "Smith did not object to the prosecutor's closing argument at trial nor has she argued that his comments amounted to fundamental error on appeal. Thus, Smith has waived any argument stemming from the prosecutor's comments during closing argument related to the Leslies' testimony." *Smith*, 168 Idaho at 477, 483 P.3d at 1020. Smith fails to show or argue that the alleged misconduct was unknown or could not have reasonably been known during the direct appeal. For purposes of a post-conviction petition, the claims of prosecutorial misconduct are waived. *Thumm v. State*, 165 Idaho 405, 424, 447 P.3d 853, 872 (2019). Smith had the opportunity and was required to properly raise the claim on direct appeal. Having failed to do so, Smith cannot now raise the issue on post-conviction and any error by the district court as to notice is harmless. Therefore, because any notice error is harmless, the summary dismissal of this claim is affirmed.

### C.      Police Misconduct

Smith contends the district court erred in dismissing her post-conviction claim alleging police misconduct. Specifically, Smith argues she could not have raised the issue on direct appeal because there was no evidence in the record to support a claim that the police left Smith's house unlocked and the house was subsequently robbed. The State argues the police misconduct claim is not properly raised in her amended post-conviction petition.

A petition for post-conviction relief is not a substitute for an appeal. I.C. § 19-4901(b). A claim or issue which could have been raised on direct appeal may not be considered in post-conviction proceedings. *Hughes v. State*, 148 Idaho 448, 462, 224 P.3d 515, 529 (Ct. App. 2009). To be granted post-conviction relief on an issue which could have been raised on direct appeal but was not, a petitioner must show, on the basis of a substantial factual showing by affidavit, deposition, or otherwise, that the asserted basis for relief raises a substantial doubt about the reliability of the finding of guilt and could not, in the exercise of due diligence, have been presented earlier. *Gonzales v. State*, 120 Idaho 759, 763, 819 P.2d 1159, 1163 (Ct. App. 1991).

Smith argues that because the direct appeal record does not show that the police left her house unlocked and the house was subsequently robbed, her claim could not, in the exercise of "due diligence," have been presented earlier. However, prior to trial, a hearing was held regarding a motion to suppress evidence. At that hearing, Detective Herbert testified that the officers had secured the home and tied the back door with a clothesline to ensure that no one would enter. This shows that Smith was aware of the officers' decision to secure her door, and she failed to raise the issue of police misconduct either at trial or on direct appeal.

By concluding that "Smith could have raised her police misconduct claim on direct appeal" the district court found Smith knew about the underlying basis for her claim but did nothing about it. Consistent with that reasonable inference, neither Smith's amended petition nor her supporting affidavit asserted that she did not know about the alleged police misconduct prior to or at trial. The district court correctly held, under I.C. § 19-4901(b), that Smith did not exercise "due diligence" to present the known claim earlier to the trial court or on direct appeal, as she was aware

12

of the alleged police misconduct at the time of her original trial. Therefore, Smith's claim of police misconduct is waived.[2]

## IV.
## CONCLUSION

The judgment of the district court summarily dismissing Smith's amended petition for post-conviction relief is affirmed.

Judge HUSKEY and Judge LORELLO **CONCUR**.

---

[2] The district court also held that Smith failed to raise a genuine issue of material fact regarding her police misconduct claim. Smith averred only that the officers' actions made recovering any evidence to prove her innocence limited. Her amended petition included additional statements but was not verified. Smith's claim is bare and conclusory and fails to raise a genuine issue of material fact in support of her claim of police misconduct.